W. A. CULPEPPER, Judge ad hoc.
Alleging that he is the duly qualified Trustee in Bankruptcy of Leby Manufacturing Company, Inc., plaintiff filed this suit to enforce a lien for certain materials furnished in the construction of improvements on property owned by the defendant. The defendant filed an exception of no right or cause of action, contending that the allegations of plaintiff’s petition are insufficient to show that he has a right as trustee to institute these proceedings, and, furthermore, that plaintiff has failed to state a cause of action in that he has failed to allege sufficient facts to bring his claim within the provisions of LSA-R.S. 9:4801 et seq. creating said material lien. From a judgment of the lower court sustaining said exception of no right or cause of action, the plaintiff has taken this appeal.
Addressing ourselves first to a consideration of the exception insofar as it attacks plaintiff’s right or procedural capacity to institute these proceedings, we find defendant contends the petition is insufficient because it fails to state the date upon which Leby Manufacturing Company, Inc. filed a petition in bankruptcy; it fails to set forth that there was an adjudication in bankruptcy; it fails to set forth the date of adjudication, if any; it fails to set forth the date upon which plaintiff became the duly qualified trustee; and it fails to set forth by what right the trustee claims under the lien. The petition states that plaintiff is “ * * * the duly appointed and qualified trustee in bankruptcy of Leby Manufacturing Company, Inc., No. 9657 of the Bankruptcy Docket of the Federal District Court for the Eastern District of Louisiana * * * However, the record contains no evidence to support the allegation that plaintiff is the duly appointed and qualified trustee in bankruptcy. In our opinion the exception of no right of action put at issue the capacity of plaintiff to bring this suit and necessitated evidence by *37 the plaintiff on this point. Community Chest of Caddo & Bossier Parishes v. Union Mission Association, La.App., 30 So.2d 131. Apparently no attempt was made by plaintiff to meet this issue and the record is devoid of any showing as to his authority or capacity to institute these proceedings. Therefore, the trial judge was correct in sustaining the exception of no right of action.
The exception of no cause of action addresses itself to the sufficiency of plaintiff’s petition to assert a lien under the provisions of LSA-R.S. 9:4812 providing, inter alia, that where no construction contract has been entered into, a furnisher of materials may perfect his lien by filing an affidavit of his claim in the office of the clerk of court or recorder of mortgages within sixty days after the date of the last delivery of all materials upon the said property or the last performance of all services or labor upon the same. Plaintiff’s petition simply alleges the amount of the claim in the sum of $2,375.39 and states that “ * * * an affidavit covering the j ob, under date of June 23, 1958, before Warren E. Mouledoux, Notary Public, which was recorded in the Mortgage Office of the Parish of Jefferson in M.O.B. 310, Folio 326, under Entry No. 125, 873 and which affidavit was accompanied by the various invoices for the materials furnished by the bankrupt for use in this job, and which lien affidavit was reinscribed on May 28, 1959 and which reinscription is recorded in M.O.B. 333, Folio 59, under Entry No. 151,505.” The petition also alleges that a copy of the affidavit was sent by Registered Mail to the defendant. No copy of the affidavit was attached to plaintiff’s petition or by reference made a part thereof.
Defendant contends that said allegations are insufficient because: there is no allegation of the dates or times during which the alleged improvements to the property of the defendant were made; there is no allegation of the date of completion of the alleged improvements, or the date of the last performance of labor or services or the last delivery of materials; there is no allegation of the date upon which the lien was recorded, nor does the petition allege the timely filing of the lien.
In 71 C.J.S. Pleading Sec. 86a, p. 201, we find the following general statement of the law regarding the sufficiency of allegations to state a statutory cause of action:
“Where a party relies for recovery on a statute, particularly one creating a liability where none existed before, he must state facts showing his right to recover under that statute, and bring himself clearly, fairly, or substantially within its terms or provisions; and it is necessary that such statement shall include every fact which is essential to the existence of a cause of action under the statute, and show that plaintiff, or the person on whose behalf he sues, is entitled to the benefit and protection of the statute, and that defendant is liable thereunder.”
To the same effect see New Orleans and N. E. R. Company v. Redmann, et al., La.App., 28 So.2d 303 involving the sufficiency of a petition to state a statutory boundary action. The court held as follows:
“While it is true that Article 823 of the Code provides that an action in boundary will lie only in the three instances specified therein, it is not imperative for a plaintiff to track the exact language contained in the article in order to state a cause of action thereunder, if it appears, from a reasonable interpretation of the allegations, that the redress sought falls squarely within the purview of the statute. See Franz v. Mohr, La.App., 186 So. 114.”
Applying the above quoted law to the instant case, we think it is apparent that plaintiff has not alleged sufficient facts to clearly, fairly or substantially state a cause of action under LSA-R.S. 9:4812. We note particularly that the timely filing of a proper affidavit is a most important fact in the perfection of such a lien, yet plaintiff has *38 made no allegations to show when the sixty day delay for filing his lien commenced, nor has he even alleged the date on which the lien was recorded in the mortgage records. For these reasons, we are of the opinion that the trial judge was correct in sustaining the exception of no cause of action.
In a very short brief filed in this court, the only argument made by plaintiff is that, accepting as true all of the facts pleaded, a lien was properly perfected by the bankrupt under the provisions of LSA-R.S. 9:4801 et seq. and that, under the Bankruptcy Act, the trustee has two years from the date the bankrupt is adjudicated to institute proceedings on any claim that has not prescribed at the time of filing of the petition in bankruptcy. For the reasons stated above, we are of the opinion that the statutory lien herein sought to be enforced is not alleged to have been perfected according to the requirements of state law and consequently cannot be enforced by the trustee in bankruptcy. Munson v. Risinger, La.App., 114 So.2d 59.
 The jurisprudence of this state is well established to the effect that where a petition fails to state a cause of action, due to insufficient allegations, an opportunity to allege those facts should be afforded in the interest of upholding substantive rights instead of subtle technicalities. James v. City of New Orleans, 151 La. 480, 91 So. 846; Reeves v. Globe Indemnity Co. of N. Y., 185 La. 42, 168 So. 488; Douglas v. Haro, 214 La. 1099, 39 So.2d 744. We note that in the instant case the plaintiff has filed a supplemental brief in this court asking that, in the event we conclude the said exceptions should be sustained, we remand this suit to the lower court to give plaintiff an opportunity to amend his petition. In oral argument before this court plaintiff stated that he desires and is able to amend his petition so as to state a right and a cause of action. Accordingly, we have decided to remand this case for the purpose of allowing such amendments within a delay to be fixed by the lower court.
For the reasons assigned, the judgment appealed is reversed and set aside and this case is remanded to the lower court. All costs of this appeal are assessed against the plaintiff, appellant.
Reversed and remanded.