372 So.2d 726 (1979)
Robert MICHAELSON and Michaelson Enterprises
v.
Mike MOTWANI, Motwanes America, Inc., and Guru of India Shops, et al.
No. 10029.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
*727 Oestreicher & Whalen, David W. Oestreicher, II, New Orleans, for plaintiffs-appellees.
Henican, James & Cleveland, C. Ellis Henican, Jr., A. Reed Sharpe, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON and STOULIG, JJ.
STOULIG, Judge.
This is an appeal from a judgment enjoining the defendants, Guru of India, Inc., Kishore V. Motwani and Motwanes of America, Inc., from using a Mardi Gras decal they allegedly pirated from the plaintiff Robert Michaelson by embossing the decals on T-shirts with a heat transfer process.
Defendants operate a shop at 435 Bourbon Street in New Orleans. On January 11, 1978, plaintiff Robert Michaelson, doing business as Michaelson Enterprises, sold 2,000 sublical decals to Mike Motwani, one of the owners of the shop. A short time later plaintiff was informed by Chandru Motwani, a brother of the original buyer, that the order was cancelled. That same Mardi Gras season plaintiff became aware that defendants were selling a T-shirt on which his designs were embossed. At the time of these sales the decals allegedly copied by defendants bore a "C" indicating plaintiff had an application pending for a copyright. (The record does not disclose whether the copyright was ultimately granted or if the design is one for which a copyright will issue.)
The trial court issued a preliminary injunction:
"* * * restraining, enjoining and prohibiting Guru of India, Inc. and or Guru of India Shops and Mutwani, Motwanes of America, Inc. all persons or business interests associated with or employed by said corporations from using the decals or sub-decals designed by plaintiff; from transferring said designs onto T-Shirts or other products sold by said defendant corporations, and from selling any T-Shirts or other products onto which plaintiff's designs have been transferred or placed."
Pursuant to C.C.P. art. 2163, appellants filed an exception of no cause of action in this court based on either of two theories, namely, (1) that federal courts have exclusive original jurisdiction to hear cases in which the complaint is an infringement of a copyright; and (2) that the Louisiana "Unfair Trade Practices and Consumer Protection Law" (R.S. 51:1401 et seq.) reserves the right to seek injunctive relief to the attorney general. (Section 1407).
The injunction should be dissolved. Although plaintiff's petition does not claim copyright infringement, the gravamen of his complaint is that the decals at issue were pirated when he had pending copyright applications. 28 U.S.C. § 1338(a) vests exclusive jurisdiction to hear patent and copyright cases in federal courts. As was noted by the Court in Sears, Roebuck & Co. v. Stiffel Company, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), jurisdiction was so restricted to have national uniformity *728 in patent and copyright laws. (A succinct discussion of the need to balance private interests against that of the public weal is included in Sears.) As Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), points out, the states may legislate and regulate areas of trade dealing with copying unpublished or uncopyrightable items. Because we have not been informed whether the decals are subject to copyright protection, we act on the record as it is presently constituted and hold that the pending copyright application brings this within the exclusive federal jurisdiction.
However, were we to conclude the state could regulate in this area, we note that R.S. 51:1407 permits the attorney general to "* * * bring an action for injunctive relief in the name of the state * * *" while Section 1409 reserves to private individuals the right to sue for damages. Under this law, the state alone is entitled to injunctive relief.
We need not resolve problems relating to inadequate citation in view of the result we reach, but point this out because there remains pending in district court a damage claim by plaintiff against these defendants. We further emphasize the scope of our review is limited to the injunction issued by judgment of the trial court from which this appeal was taken.
For the reasons assigned the writ of preliminary injunction is dissolved and the judgment appealed from is annulled. Plaintiff is to pay all costs incurred through the time of this appeal.
WRIT DISSOLVED; JUDGMENT ANNULLED.
LEMMON, J., concurs with written reasons.
LEMMON, Judge, concurring and assigning reasons.
If the article has been patented or copyrighted, plaintiff's source of protection lies in the federal courts. This article apparently has not been patented or copyrighted, and plaintiff may not use the state unfair trade practices law to prevent its being copied, because the states have no legislative jurisdiction to prohibit the copying of the article. An article unprotected by a patent or a copyright is the public domain and (possibly with certain limitations not here applicable) may be copied at will. Compco Corp. v. Day-Brite Lighting, Inc., above.
Thus, plaintiff's petition fails to state a cause of action for which relief can be granted.
Furthermore, I do not join in any comment in dicta that a private person has no right to sue for injunction of an unfair trade practice and reserve judgment until that issue is squarely presented.