SCHOTT, Judge.
Plaintiff supplied building materials to defendant’s contractor and brought this suit against the owners to assert a claim and a lien under LSA-R.S. 9:4812. Plaintiff alleged that the materials were delivered between September 12 and December 15, 1978, and that it recorded by its lien on February 22, 1979.
Defendants filed an exception of no right of action which was maintained by the trial court. From that judgment dismissing plaintiff’s suit it has appealed.
Under C.C.P. Art. 927 the exception of no right of action is defined as “no interest in the plaintiff to institute the suit.” From the pleadings as well as the evidence taken by the trial court on the exception plaintiff clearly has an interest in bringing the suit since it did in fact deliver the materials and is seeking payment for same. Consequently, the trial court was in error in dismissing plaintiff’s suit on the basis of the exception of no right of action.
On our own motion, pursuant to C.C.P. Art. 927, we have noticed the failure of plaintiff to state a cause of action in that the literal terms of the statute would preclude plaintiff from bringing this suit because the recordation of the lien was beyond the sixty day time limit prescribed by the statute in connection with an unrecorded building contract. However, the jurisprudence has interpreted the statute to provide a supplier with a cause of action even though recordation is made beyond sixty days if it occurs within sixty days after the last date on which any material was supplied or work was performed on the job by anyone. National Homestead Association v. Graham, 176 La. 1062, 47 So. 348 (1933), also First Wis. Nat. Bank of Milwaukee v. Novem, 349 So.2d 370 (La.App. 4th Cir. 1977). Since plaintiff may be able to remove the grounds of our objection to the petition by alleging facts which would bring the case within the ambit of those cited above plaintiff should be given an opportunity to amend its petition in order to state a cause of action in accordance with C.C.P. Art. 934.
Accordingly, the judgment appealed from is reversed and set aside and the case is remanded to the District Court for further proceedings consistent with this opinion. Costs of this appeal are taxed against defendants. All other costs are to await the outcome of the case.
REVERSED AND REMANDED.