PONDER, Judge.
Plaintiff appealed the trial court’s denial of his demand for a declaratory judgment that Act No. 690 of the Regular Session of 1978 is unconstitutional.
Act 690 of the Regular Session of 1978 amended Section 2356(F) and (J)[1] of Title 38 of the Louisiana Revised Statutes to grant expropriation powers to the Governor’s Atchafalaya Basin Commission of the Louisiana Department of Public Works, now the State Department of Culture, Recreation and Tourism, in the area of the *46 Atchafalaya Wilderness Center. Prior to the amendment, the division had the power to purchase or lease private property, but was expressly precluded from expropriating it. Plaintiff, a landowner near the Wilderness Center, filed suit in East Baton Rouge Parish to have the act declared unconstitutional as being a local or special law passed without compliance with Art. 3, § 13,[2] and as being violative of Art.' 1, § 4[3] of the Louisiana Constitution and of the 14th Amendment of the Constitution of the United States.
The trial judge, in written reasons, held that the law was not a local or special law, but a general one with a necessarily limited application; that the class distinction of St. Martin Parish, where the Wilderness Center is allegedly located, was reasonable; and that all landowners in the class were treated the same. He found that the preservation of the state’s beauty through the formation of the Wilderness Center was a valid public purpose and that there was no violation of the State and Federal Constitutions.
The pleadings indicate that expropriation proceedings have been brought against the plaintiff and we must assume those proceedings are in St. Martin Parish. The appellate jurisdiction of that proceeding would be the Third Circuit Court of Appeal. We must first consider whether this court or the Nineteenth Judicial District Court is able to render appropriate relief in view of the present status of the litigation.
As a general rule, appellate courts must render judgments that can be made effective and cannot give opinions on abstract propositions from which no practical results can follow. Upper Audubon Association v. Audubon Park Commission, 329 So.2d 209 (La.App. 4th Cir.), writ denied 333 So.2d 240 (La.1976). Advisory opinions are not allowed under the Uniform Declaratory Judgment Act. Abbot v. Parker, 259 La. 279, 249 So.2d 908 (1971), appeal dismissed 404 U.S. 931, 92 S.Ct. 281, 30 L.Ed.2d 244 (1971).
Under the facts of this dispute, any decision we would render would not be binding on the appellate court thereafter and would have no effect in the actual expropriation proceedings. The issues presented should be determined in the expropriation proceeding.
For these reasons, the appeal before this court is dismissed due to the lack of viable issues. Costs are assessed to the plaintiff.
APPEAL DISMISSED.

. La.R.S. 38:2356(F) and (J):
“F. The division will set aside areas of scenic beauty and will acquire, by purchase, lease, or expropriation, those areas which should be preserved for scenic beauty and recreational benefit and pleasure. For purposes of expropriation, this Subsection shall apply only to the development of the Atchafalaya Wilderness Center.” * * *
“J. The division may acquire real and personal property by lease, purchase, donation, expropriation or otherwise to effectuate the purposes of this Chapter. Title thereto shall be taken in the name of the division on behalf of the state. For purposes of expropriation, this Subsection shall apply only to the development of the Atchafalaya Wilderness Center.”

. Art. 3, § 13:
Section 13. No local or special law shall be enacted unless notice of the intent to introduce a bill to enact such a law has been published on two separate days, without cost to the state, in the official journal of the locality where the matter to be affected is situated. The last day of publication shall be at least thirty days prior to introduction of the bill. The notice shall state the substance of the contemplated law, and every such bill shall recite that notice has been given. '

. Art. 1, § 4:
Section 4. Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise. However, a municipality may expropriate a utility within its jurisdiction. Personal effects, other than contraband, shall never be taken.
This Section shall not apply to appropriation of property necessary for levee and levee drainage purposes.