EDWARDS, Judge.
Alford Alarm & Protection Service, Inc., issued debentures to plaintiffs in December, 1975, with a maturity date of September, 1985. The company was liquidated non-judicially in August, 1979, when it was wholly owned by defendant, Diversified Systems, Inc. The liquidation consisted of the transfer of the company’s entire assets to Diversified.
Plaintiffs sued Diversified in January, 1984, claiming the liquidation had caused the debentures to mature and become payable under LSA-C.C. arts. 1782 and 1783. Diversified filed a dilatory exception pleading the objection of prematurity urging that the debentures were not due until September 1985, and that the time for performance had not yet arrived. The trial court sustained the exception. Plaintiffs appealed.
In the period between the trial court’s action and the date of this decision, the time for performance has come and the matter is no longer premature. Accordingly, the question raised on appeal is moot.
Since there is no real question to be decided, the appeal is dismissed. As a general rule, appellate courts must render judgments that can be made effective; they cannot give opinions on abstract propositions from which no practical results can follow. Oliver v. State Department of Culture, Recreation and Tourism, 431 So.2d 45 (La.App. 1st Cir.1983).
Costs are taxed to the plaintiffs.
DISMISSED.