593 So.2d 407 (1991)
PERQUE FLOOR COVERING OF NEW ORLEANS, INC.
v.
L. CAMBRE ENTERPRISES, INC. and Arthur Bruce Gerhardt and Cheryl Torres Gerhardt.
No. CA 90 1966.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*408 Clarence F. Favret, III, New Orleans, for plaintiff-appellant.
Charles E. McHale, Jr., Pan American Life Center, New Orleans, for defendant-appellee.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Plaintiff, Perque Floor Covering of New Orleans, Inc. (Perque), filed suit against defendants, L. Cambre Enterprises, Inc., Arthur Bruce Gerhardt and Cheryl Torres Gerhardt, seeking to recover $4,632.40 due on an open account and to enforce a lien on immovable property allegedly owned by the Gerhardts. Perque appeals a judgment of the trial court, which sustained a peremptory exception raising the objections of no cause of action and no right of action filed by the Gerhardts, and dismissed plaintiff's suit with prejudice as to the Gerhardts.
Perque's petition included the following pertinent allegations:
3.
Petitioner [Perque] sold to and delivered to L. CAMBRE ENTERPRISES, INC., building materials, supplies and services used in the construction of the following project:
Lot 587, Section 3, Phase 2B Beau Chene Subdivision 715 Tete L'Ours Drive Mandeville, Louisiana
Acquisition recorded at COB 1396, folio 639
4.
The materials and services were used by L. CAMBRE ENTERPRISES, INC. in connection with the construction of the project described above, with L. CAMBRE ENTERPRISES, INC., as contractor and ARTHUR BRUCE GERHARDT and CHERYL TORRES GERHARDT, as owners.
5.
Petitioner caused an Affidavit of Lien to be recorded in the Mortgage Records of St. Tammany Parish on September 29, 1989 in MOB 1347, folio 178 and a Notice of Lien to be mailed to all parties involved on October 9, 1989.
6.
The amount presently due petitioner for the materials and services furnished by petitioner is in the sum of $4,632.40, all of which is presently liquidated and owing.
7.
More than fifteen (15) days have elapsed since petitioner mailed to defendants, statement of account, copies of invoices and written demand for payment and petitioner is entitled to claim reasonable attorney's fees....
WHEREFORE, petitioner prays ... for judgment in favor of petitioner and against said defendants, in solido, in the *409 full sum of $4,632.40, together with legal interest from date of judicial demand, until paid, plus 25% attorney's fees, and all costs of these proceedings.
Petitioner further prays that in the final judgment to be rendered herein, its lien and privilege resulting from the recording of the Lien Affidavit be recognized and maintained as against L. CAMBRE ENTERPRISES, INC., ARTHUR BRUCE GERHARDT and CHERYL TORRES GERHARDT.
The Gerhardts filed a peremptory exception raising the objections of no cause of action and no right of action. Numerous documents pertaining to the construction of the building, which was referred to in the petition, were attached to the pleading filed by the Gerhardts. After a brief hearing on the exception, the trial court rendered judgment in the Gerhardts' favor and dismissed Perque's claims against the Gerhardts. The judgment also ordered "that Lucy Reid Rausch, Clerk of this Court and Ex-Officio Recorder of Mortgages of this Parish erase and cancel forthwith the inscription of the lien bearing against defendants'/exceptors' property recorded in MOB 1347, folio 178 from the records of her office, the plaintiff to bear all costs."
Perque appeals the judgment of the trial court, contending that the trial court erred in sustaining the Gerhardts' exception. Perque asserts that its petition states a cause of action and a right of action pursuant to the Louisiana Private Works Act, La.R.S. 9:4801 et seq.
Pertinent provisions of the Private Works Act are contained in La.R.S. 9:4802 and 9:4822:
§ 4802. Improvement of immovable by contractor; claims against the owner and contractor; privileges securing the improvement
A. The following persons have a claim against the owner and a claim against the contractor to secure payment of the following obligations arising out of the performance of work under the contract:
(1) Subcontractors, for the price of their work.
(2) Laborers or employees of the contractor or a subcontractor, for the price of work performed at the site of the immovable.
(3) Sellers, for the price of movables sold to the contractor or a subcontractor that become component parts of the immovable, or are consumed at the site of the immovable, or are consumed in machinery or equipment used at the site of the immovable.
. . . . .
B. The claims against the owner shall be secured by a privilege on the immovable on which the work is performed.
C. The owner is relieved of the claims against him and the privileges securing them when the claims arise from the performance of a contract by a general contractor for whom a bond is given and maintained as required by R.S. 9:4812 and when notice of the contract with the bond attached is properly and timely filed as required by R.S. 9:4811.
. . . . .
§ 4822. Preservation of claims and privileges
A. If a notice of contract is properly and timely filed in the manner provided by R.S. 9:4811, the persons to whom a claim or privilege is granted by R.S. 9:4802 shall within thirty days after the filing of a notice of termination of the work:
(1) File a statement of their claims or privilege.
(2) Deliver to the owner a copy of the statement of claim or privilege. If the address of the owner is not given in the notice of contract, the claimant is not required to deliver a copy of his statement to the owner.
. . . . .
C. Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of their respective claims and privileges within sixty days after:

*410 (1) The filing of a notice of termination of the work; or
(2) The substantial completion or abandonment of the work, if a notice of termination is not filed.
D. Notwithstanding the other provisions of this Part, the time for filing a statement of claim or privilege to preserve the privilege granted by R.S. 9:4801(5) expires sixty days after the latter of:
(1) The filing of a notice for termination of the work that the services giving rise to the privilege were rendered; or,
(2) The substantial completion or abandonment of the work if a notice of termination is not filed. This privilege shall have no effect as to third persons acquiring rights in, to, or on the immovable before the statement of claim or privilege is filed.
La.R.S. 9:4802 regulates the rights of persons who supply services or materials to a contractor of an owner and who thus have no direct contractual relationship with the owner. See Comment (a) to La.R.S. 9:4802. This statute imposes personal liability upon the owner and the contractor for claims arising out of the performance of work done on the owner's property by subcontractors, laborers and sellers (as well as other enumerated categories of persons addressed in the statute). Newt Brown, Inc. v. Michael Builders Inc., 569 So.2d 288 (La.App. 2d Cir.1990), writ denied, 572 So.2d 91 (1991).
The provisions of La.R.S. 9:4822 set forth the procedure which persons having claims or privileges under the act must follow if they wish to preserve those claims and privileges. See Comment (a) to La.R.S. 9:4822. The timely filing of a statement of claims or privilege pursuant to 9:4822 is essential to preserve the claims or privilege recognized in La.R.S. 9:4802. The effect of failing to timely file the statement of claims or privilege results in the extinguishment of the claims or privilege given under the act. La.R.S. 9:4823 and Comment (a) following that section.
In addition, the jurisprudence clearly establishes that the burden of proving the timeliness of the claim is upon the party who asserts the claim or privilege. Newt Brown, Inc., 569 So.2d at 291; Circle H Building Supply, Inc. v. Dickey, 558 So.2d 680 (La.App. 1st Cir.1990). Thus, in order to state a cause of action pursuant to the Private Works Act, plaintiff's petition must allege facts which, if proven, would support a finding that the statement of claims or privilege was timely filed. See Holahan v. Phillips, 145 So.2d 35 (La.App. 4th Cir.1962).
In deciding an exception of no cause of action, all well-pleaded allegations of fact are accepted as true and no reference can be made to extraneous supportive or controverting evidence. The court must determine whether the law affords any relief to plaintiff if the factual allegations of the petition are proven at trial. See La. C.C.P. art. 931, Robinson v. North American Royalties, Inc., 470 So.2d 112 (La. 1985).
Although the record does not clearly establish whether the trial court considered the documents attached to the Gerhardts' peremptory exception, we note that no reference can be made to this extraneous evidence in ruling on the peremptory exception of no cause of action. This exception must be decided on the face of plaintiff's petition alone.
Although plaintiff alleges facts which support a finding that it is entitled to benefits provided for by La.R.S. 9:4802, plaintiff has failed to allege facts which, if proven, would support a finding that its statement of claims or privilege (in this instance, designated as an Affidavit of Lien) was timely filed. In the absence of these essential allegations, we find that plaintiff's petition fails to state a cause of action pursuant to the Private Works Act. Accordingly, we affirm the judgment of the trial court sustaining the Gerhardts' exception of no cause of action.
However, since plaintiff may be able to amend its petition to allege facts establishing that its Affidavit of Lien was filed timely pursuant to La.R.S. 9:4822, plaintiff should be afforded the opportunity to *411 amend its petition. Robinson, 470 at 114. La.C.C.P. art. 934 provides that when the grounds of an objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. Accordingly, the judgment of the trial court is amended to permit plaintiff to amend its petition. Additionally, since plaintiff may be able to state a cause of action by amending its petition, we find that the trial court erred in ordering the cancellation of the lien recorded by plaintiff. Thus, we reverse that part of the trial court's judgment.
Furthermore, we reverse the judgment of the trial court sustaining the Gerhardts' peremptory exception raising the objection of no right of action. The objection of no right of action raises the issue of whether a plaintiff belongs to the particular class of persons for which the law grants a remedy. Kok v. Harris, 563 So.2d 374 (La.App. 1st Cir.1990). La.C.C.P. art. 681 provides, "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."
Clearly, Perque is the party with "a real and actual interest" in securing payment, pursuant to the provisions of the Private Work Act, for the services it has provided. The parties do not dispute that Perque did in fact provide building materials, supplies and services which were used in the construction of the building in question. George Kellett & Sons, Inc. v. Dobbs, 380 So.2d 758 (La.App. 4th Cir.1980).
For the above reasons, we affirm that part of the trial court's judgment which sustained the peremptory exception raising the objection of no cause of action, we amend the judgment to allow plaintiff the opportunity to amend its petition, we reverse the part of the judgment ordering the clerk of court to erase and cancel the inscription of the lien filed by plaintiff and we reverse that part of the trial court's judgment which sustained the peremptory exception raising the objection of no right of action. One-half of the costs of this appeal is to be paid by Perque and the other one-half is to be paid by the Gerhardts.
REVERSED IN PART, AMENDED IN PART AND, AS AMENDED, AFFIRMED.