| .WHIPPLE, J.
This is an appeal by plaintiffs from a judgment of the trial court, maintaining defendants’ exception raising the objection of no right of action and dismissing plaintiffs’ claim for injunctive relief. Defendants have also filed an exception raising the objection of no cause of action in this court. For the following reasons, we affirm the judgment of the trial court, maintaining the exception of no right of action, and deny defendants’ exception of no cause of action.
FACTS AND PROCEDURAL HISTORY
Plaintiffs, Family Resource Group, Inc. d/b/a Baton Rouge Parents Magazine and Amy Foreman, filed an application for a temporary restraining order and a petition for injunctive relief against defendants, Louisiana Parent Magazine; DMT Communications, L.L.C. (DMT); Debbie Dodd; Gwendolyn “Wendy” Jackson Crooks; Angela Morris; Kenneth Taylor; and Lieutenant Governor Kathleen Babineaux Blanco. Plaintiffs sought to enjoin the distribution of Louisiana Parent magazine on the basis of alleged unfair trade practices and also sought to enjoin Lt. Governor Blanco from endorsing Louisiana Parent magazine.
Plaintiffs alleged that Louisiana Parent Magazine, DMT, Dodd, Crooks and Morris engaged in unfair and deceptive trade *30 practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 et seq., by-attempting to publish and distribute Louisiana Parent in competition with Baton Rouge Parents Magazine. Specifically, plaintiffs contended that these defendants were engaging in the following unfair and deceptive trade practices: copying the format, design and layout of Baton Rouge Parents Magazine, all of which is copyrighted; copying the cover design of Baton Rouge Parents Magazine; using a ^deceptively similar name to that of Baton Rouge Parents Magazine, which is trademarked; using deceptively similar words and phrases in its publication; luring former employees and attempting to lure present employees from Baton Rouge Parents Magazine in an unethical and unlawful manner; defrauding existing clientele of Baton Rouge Parents Magazine, including advertisers, by making material misrepresentations to them; copying titles of special articles, pieces and slogans found in Baton Rouge Parents Magazine and using deceptively similar names for these pieces; improperly using the State of Louisiana logo on the cover of Louisiana Parent; recruiting the services of Lt. Governor Blanco to write an article in Louisiana Parent and to issue a press release on state letterhead touting the upcoming release of Louisiana Parent; and violating non-eompete clauses in their employment agreements with Baton Rouge Parents Magazine. Additionally, as to defendant Taylor, the director of marketing at The Mall of Cortana, plaintiffs averred that he had engaged in unfair and deceptive trade practices by terminating the long-standing relationship between the mall and Baton Rouge Parents Magazine and developing a relationship between the mall and Louisiana Parent Magazine, in which he has a vested interest.
In response to plaintiffs’ petition, DMT, Dodd and Taylor filed peremptory exceptions raising the objection of no right of action with regard to the injunctive relief sought by plaintiffs, contending that pursuant to LSA-R.S. 51:1407, only the State of Louisiana, through its Attorney General, has the right to seek injunctive relief for alleged violations of the Louisiana Unfair Trade Practices and Consumer Protection Law.[1]
LFollowing a hearing, the trial court maintained the exception of no right of action and, accordingly, denied plaintiffs’ request for a preliminary injunction.[2] From this judgment, plaintiffs appeal, asserting that the trial court erred in maintaining defendants’ exception of no right of action with regard to plaintiffs’ application for injunctive relief under LSA-C.C.P. art. 3601, et seq. and LSA-R.S. 5L1407.[3] Additionally, defendants DMT and Dodd have filed an exception of no cause of action with this court.
PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO CAUSE OF ACTION
Before turning to the merits of plaintiffs’ appeal, we first address the peremptory *31 exception raising the objection of no cause of action filed by DMT and Dodd with this court. In support of their exception, they contend that prior to filing the instant appeal, plaintiffs filed a third supplemental and amending petition, in which they dropped their request for injunctive relief. Relying upon Olivier v. State, Department of Culture, Recreation and Tourism, 431 So.2d 45, 46 (La.App. 1st Cir.1983), which held that as a general rule, appellate courts must render judgments that can be made effective and cannot give opinions on abstract propositions from which no practical results can follow, defendants contend that the issue before this court on appeal addresses relief which plaintiffs no longer seek. Thus, defendants contend, any ruling by this court would have no practical application, and accordingly, the appeal should be dismissed.
I ¡While defendants contend that plaintiffs’ appeal of the denial of their claim for injunctive relief should be dismissed due to the amendment of their petition to delete this claim for relief, plaintiffs counter that the amendment to their petition does not constitute an abandonment of this claim. Rather, plaintiffs note that when they filed a second supplemental and amending petition retaining the claims for injunctive relief, defendants filed a rule for contempt, peremptory exceptions, of res judicata and motions to strike. Defendants sought to have plaintiffs held in contempt for continuing to seek injunctive relief under the Louisiana Unfair Trade Practices and Consumer Protection Law after the trial court had ruled that they had no right to seek such relief. Accordingly, plaintiffs filed a third supplemental and amending petition, deleting their request for injunctive relief.
At the outset, we note that the peremptory exception raising the objection of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Leon v. Deters Custom Homes, Inc., 97-0772, p. 3 (La.App. 1st Cir.4/8/98), 711 So.2d 346, 348. It may be filed for the first time in the appellate court. LSA-C.C.P. art. 2163; Snearl v. Mercer, 99-1738, 99-1739, pp. 7-8 (La.App. 1st Cir.2/16/01), 780 So.2d 563, 572, writs denied, 2001-1319, 2001-1320 (La.6/22/01), 794 So.2d 800, 801/
Based upon the arguments presented by defendants in support of their exception, we conclude that defendants are in fact asserting that plaintiffs have abandoned their appeal, rather than truly arguing that the petition fails to state a cause of action. Clearly, LSA-R.S. 51:1407 affords the remedy of injunctive relief for unfair trade practices, as alleged in plaintiffs’ petition. While there remains the question of who has the right to seek that relief, an issue which will be addressed in our discussion of the exception of no right |fiof action, a cause of action for injunctive relief does exist under the Unfair Trade Practices and Consumer Protection Law. LSA-R.S. 51:1407.
Moreover, considering that the amendment of plaintiffs’ petition to delete the request for injunctive relief was in direct response to defendants’ rule for contempt, peremptory exceptions of res judicata and motions to strike, we find little merit to defendants’ contention on appeal that plaintiffs’ actions in so amending the petition constitute a waiver of their right to appeal this issue. Additionally, we note that a ruling by this court in favor of plaintiffs on the issue of whether they have the right to seek injunctive relief would not constitute an abstract opinion from which no practical results can follow. Clearly, plaintiffs could then seek to once again amend their petition in the trial court to reassert their right to injunctive relief.
*32 Accordingly, we find no merit to defendants’ arguments and deny the exception raising the objection of no cause of action filed with this court.
PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO RIGHT OF ACTION
On appeal, plaintiffs contend that the trial court erred in concluding that only the State of Louisiana, through its Attorney General, had a right to seek injunctive relief pursuant to LSA-R.S. 51:1407 and, consequently, in maintaining defendants’ exception raising the objection of no right of action.
The peremptory exception pleading the objection of no right of action tests whether the particular plaintiff falls, as a matter of law, within the particular class to which the law grants a remedy for the particular harm alleged. LSA-C.C.P. art. 927 A(5); Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 851 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993). This objection is a threshold device to terminate a suit brought by one who has no interest in enforcing 17judicially the right asserted. Stafford, 612 So.2d at 851. Louisiana Code of Civil Procedure article 931 permits the introduction of evidence to support or controvert an exception of no right of action. Sivils v. Mitchell, 96-2528, p. 3 (La.App. 1st Cir.11/7/97), 704 So.2d 25, 27. To prevail on the exception of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Talbot v. C & C Millworks, Inc., 97-1489, pp. 3-4 (La.App. 1st Cir.6/29/98), 715 So.2d 153, 155. Thus, in the instant case, defendants’ burden was to demonstrate that plaintiffs, as private litigants, lacked legal capacity to proceed with a suit for injunctive relief.
In response to widespread consumer dissatisfaction with their treatment in the marketplace, the Louisiana Legislature passed Act 759 of 1972, which embodied the Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401-1418. State ex rel. Guste v. General Motors Corporation, 370 So.2d 477, 485 (La.1979) (on rehearing). Louisiana Revised Statutes 51:1405(A) provides that “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” A practice is considered unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious to consumers or business competitors. Inka’s S’Coolwear, Inc. v. School Time, L.L.C., 97-2271, p. 10 (La.App. 1st Cir.11/6/98), 725 So.2d 496, 501. Louisiana Revised Statutes 51:1409(A) confers a private right of action on “[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal,” from unfair trade practices. Inka’s S’Coolwear, Inc., 97-2271 at p. 10, 725 So.2d at 501.
|sThe Act also created the Governor’s Consumer Protection Division, an agency headed by a director who is empowered to conduct studies and research, to investigate, and to conduct public and private hearings into commercial and trade practices in distribution, financing and furnishing goods and services to or for the use of consumers. LSA-R.S. 51:1403 and 1404; General Motors Corporation, 370 So.2d at 485 (on rehearing).
Furthermore, pursuant to LSA-R.S. 51:1407, the director of the Governor’s Consumer Protection Division is empowered to instruct the Attorney General to bring a suit for injunctive relief against any person who is using, has used, or will use a method, act or practice declared *33 unlawful by LSA-R.S. 51:1405. When such an action is filed by the Attorney General, the court is authorized to issue temporary restraining orders, preliminary injunctions and permanent injunctions, without requiring a bond from the State. LSA-R.S. 51:1407; General Motors Corporation, 370 So.2d at 485 (on rehearing). Louisiana Revised Statutes 51:1407 specifically provides as follows:
Whenever the director and the attorney general have reason to believe that any person is using, has used, or is about to use any method, act, or practice declared by R.S. 51:1405 to be unlawful, the director may instruct the attorney general to bring an action for injunctive relief in the name of the state against such person to restrain and enjoin the use of such method, act, or practice.... These courts are authorized to issue temporary restraining orders or preliminary and permanent injunctions to restrain and enjoin violations of this Chapter, and such restraining orders or injunctions shall be issued without bond. (Emphasis added).
The Second, Fourth and Fifth Circuit Courts of Appeal have discussed this provision, while resolving their cases on other bases, and concluded that the language of LSA-R.S. 51:1407 permits only the State through the Attorney General to seek in-junctive relief with respect to unlawful trade practices. See Lafreniere Park Foundation v. Friends of Lafreniere Park, Inc., 97-152, p. 9 (La.App. 5th Cir.7/29/97), 698 So.2d 449, 453; writ denied, 97-2196 (La.11/21/97), 703 So.2d 1312; Monroe Medical Clinic, Inc. v. Hospital Corporation of America, 522 So.2d 1362, 1365 (La.App. 2nd Cir.1988); Michaelson v. Motwani, 372 So.2d 726, 728 (La.App. 4th Cir.1979); but see Huey T. Littleton Claims Service, Inc. v. McGuffee, 497 So.2d 790 (La.App. 3rd Cir.1986).
We likewise find that while LSA-R.S. 51:1401 et seq. makes unfair trade practices unlawful, the clear wording of LSA-R.S. 51:1407 imbues the State through the Attorney General with the authority to seek injunctive relief pursuant to this statute.[4] Accordingly, we find no error in the trial court’s conclusion that plaintiffs lacked the legal capacity to seek injunctive relief to prohibit alleged unfair trade practices by defendants. The statute is penal in nature in that it prescribes a method whereby specific relief may be sought and treble damages may be awarded in certain circumstances. In view of the fact that it is a penal statute, it must be strictly construed, Joseph v. Hendrix, 536 So.2d 448, 450 (La.App. 1st Cir.1988), *34 and we find no basis for expanding the scope of the statute beyond the authority specifically granted to the Attorney General with respect to injunctive relief. The statute |increates a special cause of action, and, therefore, the scope of persons who may assert the cause of action must of necessity be limited to those categories of persons enumerated in the statute. Accordingly, this assignment of error lacks merit.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court, maintaining defendants’ exception raising the objection of no right of action and dismissing plaintiffs’ claim for injunctive relief, is affirmed. Defendants’ exception raising the objection of no cause of action, filed with this court, is denied. Costs of this appeal are assessed equally between the parties to this appeal.
JUDGMENT AFFIRMED; EXCEPTION OF NO CAUSE OF ACTION DENIED.

. These defendants also raised other objections to plaintiffs’ petition, which are not at issue in this appeal.

. The trial court's judgment also dismissed other causes of action asserted by plaintiffs and allowed plaintiffs fifteen days to amend their petition to cure other defects. However, those rulings are not at issue in this appeal.

.Initially, plaintiffs filed a writ application with this court, challenging the ruling of the trial court. However, the writ application was denied on the basis that the judgment of the trial court, denying plaintiffs' petition for preliminary injunction, was a final, appeal-able judgment. The matter was remanded to the trial court with instructions to grant plaintiffs an appeal on this issue.

. We note that four months after the Fourth Circuit rendered its opinion in Michaelson declaring that only the State was entitled to seek injunctive relief, another panel of that court interpreted LSA-R.S. 51:1407 differently in Reed v. Allison & Perrone, 376 So.2d 1067, 1069 (La.App. 4th Cir.1979). In Reed, the Fourth Circuit noted that LSA-R.S. 51:1407 grants the Attorney General the right to injunctive relief on showing that the defendant is using, has used, or is about to use any method, act or practice declared unlawful by LSA-R.S. 51:1405 and that it frees the Attorney General from the burden of proving irreparable injury or that he has no adequate remedy at law. Reed, 376 So.2d at 1069.
However, the court then determined that while LSA-R.S. 51:1407 grants the Attorney General the right to seek injunctive relief, this statute had no effect on the general right of a private plaintiff to seek injunctive relief. Rather, the court noted that when a private litigant does seek injunctive relief from alleged unfair trade practices, he is not relieved of the burden of pleading and proof of which the Attorney General is relieved by LSA-R.S. 51:1407. Reed, 376 So.2d at 1069. Nonetheless, in interpreting this statute, we find the analyses of the earlier panel of the Fourth Circuit and our brethren on the Second and Fifth Circuits to be more persuasive.