SUSAN M. CHEHARDY, Chief Judge.
|2This is a suit for injunction, in which the plaintiffs appeal a judgment that granted exceptions of no cause of action, no right of action, and lack of subject matter jurisdiction, and dismissed the lawsuit. We affirm in part, reverse in part, and remand.
PROCEEDINGS BELOW
On April 29, 2011, Hurricane Fence Company, Inc. (“Hurricane”) and DHS Marketing, Inc. (“DHS”) filed suit in the 24th Judicial District Court, Jefferson Parish, Louisiana, for injunctive relief or, alternatively, for damages against Jensen Metal Products, Inc. d/b/a Real Flame (“Real Flame”).
The plaintiffs alleged that they are Louisiana corporations with their offices and places of domicile in Jefferson Parish and the defendant is a foreign corporation doing business in Jefferson Parish, which has an office and does business in Racine, Wisconsin. They alleged jurisdiction and venue are proper in the 24th Judicial District Court because the plaintiffs have offices and do business in the Parish of Jefferson and are dealers and/or distributors and/or sellers of Real Flame’s products, sold by the plaintiffs in or through the Parish of Jefferson. The petition was served on Real Flame under the Long Arm Statute.
|sThe plaintiffs alleged that for approximately five years they had been selling products manufactured by Real Flame (including fireplaces and fireplace gel) via eBay, Amazon, and/or other Internet outlets, with the sales made through advertisements and/or listings by the plaintiffs on eBay and Amazon. They asserted they had always maintained their accounts with the defendant in good standing and had complied with all the defendant’s requirements and procedures for the purchase and sale of the products. They also al *686 leged the defendant had instituted requirements for certain minimum advertised prices, which required its dealers, distributors, and/or sellers of its products to advertise the defendant’s products only at a specific price. They complained that the defendant had recently prohibited the plaintiffs from selling its products on eBay, and had closed the plaintiffs’ accounts.
The plaintiffs asserted that the defendant’s actions breached their free trade rights, restricted competition on the open market, and violated their rights of free commerce. They sought a preliminary injunction prohibiting the defendant from refusing to allow them to sell its products on eBay and from taking any actions to affect the accounts and/or ratings of the plaintiffs with eBay and Amazon. Alternatively, the plaintiffs averred they would suffer substantial losses of sales if not allowed to sell the defendant’s products on eBay, and requested they be granted damages for the loss of sales and income and other damages to be demonstrated at trial.
Real Flame raised various exceptions: first, the declinatory exceptions of insufficiency of citation and insufficiency of service of process; second, the dilatory exceptions of vagueness or ambiguity of the petition and improper cumulation of actions; and third, the peremptory exceptions of no cause of action, no right of action, and lack of subject matter jurisdiction.
_|/The trial court denied the declina-tory and dilatory exceptions. Those rulings are not before us on this appeal.[1]
In support of the peremptory exceptions, the defendant asserted that the plaintiffs did not allege any contractual obligation between themselves and Real Flame, nor did they allege they ever entered into any kind of agreement for the sale of the goods.
After the exceptions were raised, the plaintiffs filed a supplemental petition, adding a claim for declaratory judgment regarding allegations of fraud by Real Flame against them, arising from the deposition of a Real Flame corporate representative, John Ridgeway.
After a hearing, the trial court rendered judgment on September 13, 2012, granting the exceptions of no cause of action, no right of action, and lack of subject matter jurisdiction, but denying all the other exceptions.
The trial judge gave the following oral reasons for the rulings:
The exceptions that seem to strike at the heart of all of the allegations contained in the petition would be the ones, more particularly or specifically indicated as no cause of action.
The Court finds ... that essentially what the plaintiff is seeking in this case from this Court is a permanent order ordering a non-resident defendant to continue to do business with it....
[T]he plaintiff does so without establishing or pleading that there was and/or is, in fact, an agreement, a specific agreement whereby the defendant commits itself under terms and conditions to service plaintiffs request to “sell its products.”
The Court is aware that the plaintiff in this case does not have ... “an actual store front” ... in which people can walk in, view products, etc.
|sFor those reasons as well as the reasons contained in the arguments sup *687 porting the exceptions I grant the exceptions of no cause, no right.
Should there be some misunderstanding I’m not going to simply say that moots ... a discussion of all of the other exceptions....
Okay, all of the others are denied, except subject matter jurisdiction, I grant that. But again, I repeat that once the exception of no cause of action is granted that, in my estimation, moots the rest of them.
ARGUMENTS AND ANALYSIS
On appeal, the plaintiffs assert the district court erred in granting the exceptions of no cause of action, no right of action and lack of subject matter jurisdiction.[2]
The defendant’s arguments on appeal are directed to the merits of the plaintiffs’ claims rather than to the substance of the exceptions that are the subject of this appeal.
The objections that' may be raised through the peremptory exception include but are not limited to no cause of action and no right of action, or no interest in the plaintiff to institute the suit. La. C.C.P. art. 927(A)(5) — (6).
No Cause of Action
The plaintiffs argue the district court erred in granting the exception of no cause of action and in holding that a contract was required between the parties in order for there to be a cause of action. They contend the issue is whether their allegations stated a cause of action for unfair trade practices or other causes of action.
An exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the | pleading. La. C.C.P. art. 927; Moreno v. Entergy Corp., 2010-2268, p. 3 (La.2/18/11), 64 So.3d 761, 762.
In the trial court, the only basis the defendant stated for the exceptions of no cause of action and no right of action was the following:
Plaintiffs have not alleged any contractual obligation between plaintiffs and Real Flame, and only provide that it has sold the products over the internet. It does not allege that plaintiffs have entered into any kind of agreement for the sale of the goods, nor does it allege that it has a “real store” so that the flammable products could be delivered to the customers, via mail or courier in accordance with postal and courier regulations.
In opposition to the exception of no cause of action, the plaintiffs asserted their allegations sufficiently stated causes of action for “breach of the verbal agreements between the parties for five years” for the sale by the defendant and the purchase by the plaintiffs of the defendant’s products “and the accounts set up by Defendant for Plaintiffs”; for the restriction of the plaintiffs’ right to sell the defendant’s products on eBay when other companies were being allowed to sell defendant’s products on eBay; and for the validity of Real Flame’s minimum advertised prices requirement.
Sale is a contract, which requires the consent of the parties for the perfection of a sale. La. C.C. art. 2439.
The four requisites of a valid contract are capacity of the parties, their consent, a certain object and a lawful purpose. C.C. art. 1779. Particular types of contracts, such as a contract of sale, may have other requisites, and if the requisite is missing there is either no contract or a contract of another description. C.C. art. 1764.
*688 Benglis Sash & Door Co. v. Leonards, 387 So.2d 1171, 1172 (La.1980).
Despite the plaintiffs’ allegations that they had made numerous purchases from Real Flame in the past, there is no allegation of a contract between the parties |7that would require Real Flame to continue to sell its products to the plaintiffs. On that basis the trial court did not err in finding a failure to state a cause of action.
The Louisiana Unfair Trade Practices and Consumer Protection Law, usually abbreviated as LUTPA, “grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person’s use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.” Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc., 2009-1633, p. 6 (La.4/23/10), 35 So.3d 1053, 1057.
To sustain a cause of action under LUTPA, the petition must pass a two-prong test: (1) it must allege the plaintiff suffered an ascertainable loss; and (2) the loss must have resulted from another’s use of unfair methods of competition and unfair or deceptive acts or practices. See NOLA 180 v. Treasure Chest Casino, LLC, 11-853, p. 6 (La.App. 5 Cir. 3/27/12), 91 So.3d 446, 450, writ denied, 2012-0949 (La.6/15/12), 90 So.3d 1066.
We note that the petition is styled “Petition for Injunctive Relief or, Alternatively, for Damages.” However, the right to injunctive relief under LUTPA is available solely to the state through the Attorney General. See La. R.S. 51:1407; Lafreniere Park Foundation v. Friends of Lafreniere Park, Inc., 97-152, p. 9 (La.App. 5 Cir. 7/29/97), 698 So.2d 449, 453, writ denied, 97-2196 (La.11/21/97), 703 So.2d 1312; Family Resource Group, Inc. v. Louisiana Parent Magazine, 00-1986, p. 8 (La.App. 1 Cir. 11/9/01), 818 So.2d 28, 33.
Reviewing the allegations in the petition, we find they do not adequately state a cause of action under LUTPA. Therefore, the trial court did not err in granting the exception of no cause of action.
|sLa. C.C.P. art. 934, however, provides that when the grounds of an objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment.
We cannot say that the petition could not be amended to state a cause of action under LUTPA, if nothing else. Accordingly, we shall order the district court to allow the plaintiffs an opportunity to amend.
No Right of Action
Real Flame’s exception of no right of action was predicated on its assertion that the plaintiffs had no cause of action.
The exceptions of no cause of action and no right of action are separate and distinct, with each serving a particular purpose with different procedural rules. Ferguson v. Dirks, 95-560, p. 4 (La.App. 5 Cir. 11/28/95), 665 So.2d 585, 587. See La.C.C.P. art. 927(4), (5).
Although these two exceptions are often confused or improperly combined with the same exception, the peremptory exceptions of no right of action and no cause of action are separate and distinct .... [T]he focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant. [Citations omitted.]
*689 Badeaux v. Sw. Computer Bureau, Inc., 2005-0612, p. 6 (La.3/17/06), 929 So.2d 1211, 1216-1217. A plaintiff may have a right of action, yet fail to state a cause of action in the petition. See, e.g., Badeaux, supra; Perque Floor Covering of New Orleans, Inc. v. L. Cambre Enterprises, Inc., 593 So.2d 407, 411 (La.App. 1 Cir.1991).
We find the trial court erred in finding the plaintiffs had no right of action.
Lack of Subject Matter Jurisdiction
On appeal the plaintiffs state,
| gAlthough Real Flame apparently filed an exception of lack of subject matter jurisdiction, and the trial court granted same, the memorandum of Real Flame contained no facts and no citations to support such an exception. Real Flame’s memorandum simply states ... that Code of Civil Procedure Article 925 provides for the exception and that counsel is raising that exception. The [trial] judge gave no reason for his granting of this exception.
There is no written exception of lack of subject matter jurisdiction in the appellate record. At the hearing, the trial judge listed the exceptions he thought were at issue, stating, “It’s my understanding that the following exceptions are at issue: vagueness or ambiguity; improper cumu-lation; no cause, no right of action; improper venue; lack of jurisdiction [over] the defendant and lack of jurisdiction of subject matter.” (Emphasis added.) Counsel for both parties agreed those were before the court. The trial court granted the exception of lack of subject matter jurisdiction, although there had been no argument directed to that issue and the court did not discuss subject matter jurisdiction.
On appeal, the plaintiffs assert the court erred in finding lack of subject matter jurisdiction, because they have alleged claims under the Louisiana Unfair Trade Practices and Consumer Protection Law.
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. La. C.C.P. art. 3. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. Id.
|in“The issue of subject matter jurisdiction addresses the court’s authority to adjudicate the cause before it; the issue may be considered at any time, even by the court on its own motion, at any stage of an action.” Boudreaux v. State, Dep’t of Transp. & Dev., 2001-1329, pp. 7-8 (La.2/26/02), 815 So.2d 7, 12-13. “Moreover, it is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants.” Id.
The 24th Judicial District Court is a court of general jurisdiction, with the power to hear cases involving claims in contract, tort, or for violation of civil statutes. Accordingly, we find that the trial court erred in finding a lack of subject matter jurisdiction.
DECREE
For the foregoing reasons, the judgment is affirmed as to the granting of the excep *690 tion of no cause of action. The judgment is reversed as to the granting of the exceptions of no right of action and lack of subject matter jurisdiction. The case is remanded and the district court is ordered to grant the plaintiffs an opportunity to amend their petition within 30 days of the date of this opinion. Costs of this appeal are assessed equally against the appellants, Hurricane Fence Company, Inc. and DHS Marketing, Inc., and the appellee, Jensen Metal Flame Products, Inc. d/b/a Real Flame.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

. Denial of an exception is an interlocutory ruling; hence, for review of those rulings the defendant would have had to file a writ application, or file a cross-appeal following the dismissal of the claims against it. The defendant did not seek review in any form.

. As stated above, the declinatory and dilatory exceptions are not before us for review.