STEPHEN J. WINDHORST, Judge.
[{.Plaintiff, Roy Marks, appeals the trial court’s judgment sustaining defendant’s peremptory exceptions of no cause of action and no right of action, dismissing his suit with prejudice.
In his petition, Mr. Marks alleged that defendant, the Third District Volunteer Fire Department (“Third District”), is a non-profit corporation organized and existing under the laws of the State of Louisiana, and that it was under contract with Fire Protection District No. 3 for the Parish of Jefferson, to provide fire protection services for the unincorporated areas of the East Bank of Jefferson Parish. Mr. Marks further alleged that he was employed by the Third District as a “fire employee” until he was terminated and that his termination was illegal because the Third District failed to comply with La. R.S. 33:2181. Mr. Marks sought reinstatement of his position with the Third District as well as back pay, sick leave accrual, annual leave accrual and all other benefits of employment.
The Third District filed several exceptions, including the exceptions of no cause of action and no right of action. The Third District contended that Mr. Marks was not a “fire employee” under La. R.S. 33:2181. Instead, Mr. Marks was an “at will” employee of a private, non-profit corporation.
13After a hearing, the trial court sustained the exceptions of no cause and no right of action, and Mr. Marks appealed. The Third District answered this appeal, and contended that if this court were to reverse the trial court’s ruling, its exceptions of improper cumulation of actions and failure to join parties needed for a just adjudication should be granted. For the reasons that follow, we affirm the decision of the trial court.
*1101 The exceptions of no cause of action and no right of action are separate and distinct, with each serving a particular purpose with different procedural rules. Hurricane Fence C., Inc. v. Jensen Metal Products, Inc., 12-956 (La.App. 5 Cir. 5/23/13), 119 So.3d 683, 688. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law provides a particular remedy against the particular defendant. Id., citing Badeaux v. Southwest Computer Bureau, Inc., 05-612 (La.3/17/06), 929 So.2d 1211, 1216-7.
An appellate court reviews a trial court’s rulings on exceptions of no cause of action and no right of action de novo because the exceptions raise questions of law. Badeaux, 929 So.2d at 1217; Lomark, Inc. v. LavigneBaker Petroleum, L.L.C., 12-389 (La.App. 5 Cir. 2/21/13), 110 So.3d 1107, writ denied, 13-654 (La.4/26/13), 112 So.3d 848. An exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Scheffler v. Adams and Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641, 646. Accordingly, no evidence may be introduced to support or controvert an exception of no cause of action and the facts alleged in the petition must be accepted as true. La. C.C.P. art. 931. Conversely, evidence may be introduced to support or controvert an exception of no right of action. Mang v. Heisler Properties, L.L.C., 11-867 (La.App. 5 Cir. 5/22/12), 96 So.3d 521, 524, writ denied, 12-2083 (La.11/16/12), 102 So.3d 42. An exception of no right of action assumes the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. Id. Any doubt as to the sufficiency of the petition to state a cause of action or whether a plaintiff has a right of action must be resolved in favor of the plaintiff. Scheffler, 950 So.2d at 647; Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594, 598 (La.1984).
Mr. Marks alleged in his petition that he was a “fire employee” and therefore entitled to certain procedural rights prior to termination, citing La. R.S. 33:2181. Mr. Marks contends that because the Third District did not comply with the provisions of La. R.S. 33:2181B, his termination is completely void.[1]
*1102 La. 33:2181A(1) defines “fire employee” as
... any person employed in the fire department of any municipality, parish, or fire protection district maintaining a full-time regularly paid fire department, and who in under investigation with a view to possible disciplinary action, demotion, or dismissal.
La. R.S. 33:2181C provides that:
LNo fire employee shall be disciplined, demoted, dismissed or be subject to any adverse action unless the investigation is conducted in accordance with this Sub-part. Any discipline, demotion, dismissal or adverse action of any sort taken against a fire employee without complete compliance with the provisions of this Subpart is an absolute nullity.
In order to be classified as a fire employee, two factors must be met. First, the person must be employed in the fire department of a municipality, parish or fire protection district. Here, Mr. Marks does not allege that he was employed in the fire department of a political subdivision. Instead, he alleges that he was employed by a non-profit entity that contracted to provide fire protection services.
Second, the municipality, parish or fire protection district must maintain a full-time regularly paid fire department. Mr. Marks contends that Fire Protection District No. 3 “maintains” a full time regularly paid fire department by contracting with Third District to provide fire protection services.
In Heintz v. City of Gretna, 96-555 (La.App. 5 Cir. 11/26/96), 683 So.2d 926, writ denied, 97-0145 (La.3/7/97), 689 So.2d 1379, plaintiff filed a petition for mandamus, seeking civil service status for the municipality’s volunteer police and fire departments, alleging that the municipality “operated” these departments. See La. Const. of 1974, Art. X, § 16; La. R.S. 33:2471. This court found that a municipality that contracts with a non-profit corporation to provide fire protection does not operate a “regularly paid fire department.” Instead, volunteer fire departments were independent contractors, operated by their membership and not by the municipality, and that contractual arrangement did not constitute the operation of a regularly paid fire department.
In this case, Mr. Marks attempts to distinguish Heintz by arguing that the use of the term “maintain” in La. R.S. 33:2181, as opposed to the use of the word “operate” in La. R.S. 33:2471, requires a different result in this case. Mr. Marks | (iargues that even though defendant does not operate a regularly paid fire department, it “maintains” a full time regularly paid fire department by virtue of its contract with the Third District to furnish fire protection services. Mr. Marks cites no authority for this position, nor do we find any in our jurisprudence.
La. C.C. art. 9 provides that “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 13 provides that “Laws on the same subject matter must be interpreted in reference to each other.”
*1103 Title 38 of the Revised Statutes pertains to police and fire departments. The legislature specifically referenced “employees of non-profit corporations under contract with a fire protection district” in those statutes that it intended to be applicable to non-profit corporations. See for example, La. R.S. 38:1991 and R.S. 33:2002. Had the legislature intended for La. R.S. 33:2181 to be applicable to employees of a non-profit organization contracting to provide fire protection services, it would have specifically included those persons in the statute.
We therefore find that Mr. Marks was not a fire employee as contemplated in R.S. 33:2181 and therefore the provisions of that statute were not applicable to the Third District Volunteer Fire Department. Accordingly, we find no error in the trial court’s judgment granting third district’s exceptions of no cause and no right of action.
Because we find no error in the rulings of the trial court granting defendant’s exceptions of no cause and no right of action, we find that defendant’s exceptions of improper cumulation of actions and failure to join parties needed for a just adjudication are moot.
17For the above discussed reasons, the trial court’s judgment granting defendant’s exceptions of no cause of action and no right of action is affirmed. Costs are assessed to plaintiff/appellant.
AFFIRMED.
JOHNSON, J., Dissents with Reasons.

. Subsection B provides:
B. Whenever a fire employee is under investigation, the following minimum standards shall apply:
(1) Prior to commencing a formal investigation of a fire employee, the appointing authority shall notify the employee in writing of the nature of the investigation, of the identity and authority of the person conducting such investigation, and of the specific charges or violations being investigated.
(2) The fire employee being investigated shall be informed in writing at the commencement of any interrogation of the nature of the investigation, of the identity and authority of the person conducting such investigation, of the identity of all persons present during such interrogation, and of the specific
charges or violations being investigated. The fire employee shall be allowed to make notes.
(3) Any interrogation of a fire employee in connection with an investigation shall be for a reasonable period of time and shall allow for reasonable periods for the rest and personal necessities of such fire employee.
(4) All interrogations of any fire employee in connection with the investigation shall be recorded in full. The fire employee shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements, upon submitting a written request to the fire chief.
(5) The fire employee shall be entitled to the presence of his counsel or representative, or both, at any interrogation in connection with the investigation. The fire employee’s representative or counsel shall be allowed to *1102 offer advice to the employee and to make statements on the record at any interrogation in the course of the investigation.
(6) The counsel or representative for the fire employee under investigation may call witnesses to testify on the employee's behalf.
(7) No statement made by a fire employee during the course of an administrative investigation shall be admissible in a criminal proceeding.