WINDHORST, J.
| TAppellant, Krebs, Lasalle, Lemieux Consultants, Inc. (“KLL, Inc.”), appeals the trial court’s judgment sustaining appel-lee’s, G.E.C., Inc.’s, exception of no right of action and dismissing appellant’s claims against G.E.C., Inc. For the reasons that follow, we affirm.
Facts and. Procedural History
On February 21, 2011, KLL, Inc. entered into an Asset Purchase Agreement (“the Agreement”), wherein G.E.C., Inc. bought, accepted, or acquired certain portion of KLL, Inc.’s trade, business, operations, assets, good will and liabilities. On February 28, 2011, in connection with the Agreement, G.E.C., Inc. executed a promissory note in favor of KLL, Inc. On December 26, 2012, KLL, Inc.’s shareholders voluntarily dissolved KLL, Inc. by affidavit pursuant to La. R.S. 12:142.1.
On November 8, 2013, the former shareholders of KLL, Inc. filed a petition to enforce the promissory note, under Shelby P. LaSalle, William B. Haensel, Jr., Stephen W. Phillippi, and Ronald J. Danos v. G.E.C., Inc., Division “D,” case number 732-755, contending that G.E.C., Inc. failed to pay the monthly installment on the promissory note for June 2013, and it remained in default thereafter by failing to pay the successive monthly installments and other amounts due on the promissory note. The shareholders asserted that as the former shareholders of KLL, Inc., they were entitled to enforce the promissory note because they were the holders in due course. G.E.C., Inc. filed an answer and reconventional demand denying the allegations in plaintiffs’ petition and contending that KLL, Inc. violated and/or breached the Agreement. G.E.C., Inc. brought the reconventional demand against the former shareholders individually as required by law, since KLL, Inc. was voluntarily dissolved in 2012. G.E.C., Inc. also filed an exception |aof no right of action and no cause of action requesting the dismissal of the former shareholders’ individual claims.
On April 15, 2015, the trial court sustained G.E.C., Inc.’s exception of no right of action finding that the former shareholders individually did not have a right of *831 action, but allowed the former shareholders fifteen days to file an amended petition to name KLL, Inc. as party plaintiff. The judgment further held that if an amended petition was not filed within fifteen' days, the petition would be dismissed with prejudice.
On April 29, 2015, instead of filing an amended petition, KLL, Inc., through its former shareholders, filed a new petition to enforce the promissory note, under Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc., Division “P,” case number 749-232. In this petition, KLL, Inc. asserted the same claims as previously asserted in the prior lawsuit, ie., that G.E.C., Inc. was in default on the promissory note. In response to this petition, G.E.C., Inc. filed exceptions of res judica-ta, lack of procedural capacity, no right of action, and no cause of action. On July 13, 2015, the trial court dismissed the claims filed by the former shareholders individually against G.E.C., Inc. On. August 7, 2015, the parties consented to a transfer and consolidation of the two cases. On August 26, 2015, the trial court overruled G.E.C., Inc.’s exceptions of res judicata and no cause of action, held that the exception of lack of procedural capacity was moot, sustained the exception of no right of action and dismissed KLL, Inc.’s claims with prejudice. This appeal followed.
Discussion
In their sole assignment of error, KLL, Inc. contends that the trial court erred in sustaining G.E.C., Inc.’s exception of no right of action under the present Louisiana business law, La. R.S. 12:1-1405. KLL, Inc. argues that this is a case of “unjust enrichment” and simply because it dissolved itself under the old law, La, |sR.S. 12:142.1, G.E.C., Inc. should not benefit. KLL, Inc. contends that it should be allowed to continue its corporate existence, pursuant to La. R.S. 12:1-1405A, to wind up and liquidate its business and affairs, including but not limited to “collecting its assets,” i.e., the amount due on the promissory. note.
The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of person that has a legal interest in the subject matter of the litigation. Badeaux v. Southwest Computer Bureau, Inc., 05-612 (La.03/17/16), 929 So.2d 1211, 1217; See La. C.C.P. art. 927. An exception of no right of action assumes the petition states a valid- cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. Marks v. Third Dist. Volunteer Fire Dep’t, 13-383 (La.App. 5 Cir. 12/30/13), 131 So.3d 1099, 1101. An appellate court reviews a trial court’s ruling on an exception of no right of action de novo because the exception raises a question of law. Badeaux, 929 So.2d at 1217, Marks, 131 So.3d at 1101.
La. C.C. art. 6 provides that “In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.” La. R.S. 1:2 provides that “No section of the Revised Statutes is retroactive unless it is expressly so stated.” La. R.S. 1:2 has been limited to, and applies only to, substantive and not procedural or interpretive legislation. Manuel v. Louisiana Sheriff's Risk Management Fund, 95-406 (La.11/27/95), 664 So.2d 81, 85-86; St. Paul Fire & Marine Insurance Company v. E.R. Smith, 609 So.2d 809, 816 (La.1992).
By 2014 La. Acts No. 328, § 1, the Louisiana Legislature enacted La. R.S. 12:1-101 to 12:1-1704 to comprise Chapter 1 of the Business Corporation Act of Title 12 of *832 the Louisiana Revised Statutes, effective date January 1, 2015.[1] At the Usame time, by 2014 La. Acts No. 328 § 5, the Louisiana Legislature repealed former Chapter 1 of the Business Corporation law, consisting of La. R.S. 12:1 to 12:178 and La. R.S. 12:1605 to 12:1607.[2]
KLL, Inc. contends that La. R.S. 12:1-1405 should apply to its corporation that was dissolved by affidavit in 2012. La. R.S. 12:1-1405 became effective January. 1, 2015, more than two years after KLL, Inc. was dissolved by affidavit under La. R.S. 12:142.1 and after KLL, Inc. filed its original petition to: enforce the promissory note. La. R.S. 12:1-1405 changed the fundamental rights of the parties concerning the dissolution of corporations. Therefore, the present statute qualifies as a substantive enactment and is applied prospectively under La. C.C. art. 6 and La. R.S. 1:2.[3] Accordingly, La. R.S. 12:1-1405 is not applicable to the present case and we must determine whether KLL, Inc. has a right of action against G.E.C., Inc. on the promissory note under La. R.S. 12:142.1, which was effective at the time KLL, Inc. dissolved its corporation by affidavit.
In Gendusa v. City of New Orleans, 93-1527 (La.App. 4 Cir. 02/25/94), 635 So.2d 1158, writ denied, 94-1508 (La.09/23/94), 642 So.2d 1296, the Fourth Circuit Court of Appeal held that former shareholders seeking to collect a debt of a corporation, dissolved by affidavit pursuant to La. R.S. 12:142.1, did not have a right of action. In analyzing La. R.S. 12:142.1, the court found the following:
IsThis provision was added in 1982 to provide a means of avoiding the costs and delays of a formal liquidation, but is limited in its application to corporations no longer doing business. While the statute provides that shareholders are to assume any lingering corporate debts, there is no provision allowing survival of the corporation’s inchoate claims. Where a corporation has such outstanding claims or obligations, the appropriate method of dissolution is through a voluntary liquidation, with appointment of a liquidator and the orderly collection of claims, payment of debts and transfer of assets.
Gendusa at 1162. (Emphasis added.)
Thus, the Gendusa court held that La. R.S. 12:142.1 provides for the survival of claims against the corporation dissolved by affidavit) but it does not provide for survival of the corporation's own *833 claims. Gendusa, 635 So.2d at 1163. Public policy dictates the survival of creditors’ claims in corporate- assets even beyond dissolution against a dissolved corporation. Id. There is no reciprocal public policy or statutory provision to protect shareholders, in possession of relevant information concerning their corporation’s inchoate claims, from the loss of that right through their own voluntary dissolution of the corporation by affidavit. Id.
Business corporations are created by statute, and their existence and operations are regulated by the business corporation law and any special professional corporation statute that may be applicable. As a statutory creation, the business or professional corporation has no rights outside the four corners of the enabling statute. Absent language in La. R.S. 12:142.1 allowing for survival of inchoate corporate claims, we find no authority compelling such a result. Id.
In Robertson v. Weinmann, 00-799 (La.App. 4 Cir. 02/21/01), 782 So,2d 38, the Fourth Circuit Court of Appeal found that an exception of no right of action was correctly granted by the trial court when the corporation bringing the lawsuit was voluntarily dissolved by affidavit, pursuant to La. R.S. 12:142.1, .prior to the filing of the petition. The court found that the .record clearly showed that the corporation’s claims against the defendant were known at the time the corporation was dissolved, yet despite this knowledge, the shareholders chose to dissolve the corporation by affidavit. Id. at 42-43. Using the analysis in Gendusa, supra, the court held that following dissolution of the corporation by affidavit, neither the |fiindividual shareholders nor the dissolved corporation possessed the right ,t'ó bring an action for the inchoate claims of the corporation. Id. at 43; See also Leader Buick, GMC Trucks, Inc. v. Weinmann, 02-2006 (La.App. 4 Cir. 02/19/03), 841 So.2d 34.
After a de novo review, we find that the trial court properly sustained G.E.C., Inc.’s exception of no right of action and dismissed KLL, Inc.’s claims against, G.E.C., Inc. .At the time of its dissolution by affidavit pursuant to La. R.S. 12:142.1, KLL, Inc. was aware of its inchoate claims against G.E.C., Inc. Despite this knowledge, KLL, Inc. chose to voluntarily dissolve itself by affidavit and avoid the liquidation procedure. If KLL, Inc. had utilized a liquidator, it could have preserved its inchoate claims against G.E.C., Inc. The “liquidator would have been vested -with the authority to demand, collect, sue for' and recover in the name of the corporation, the debts and property of the corporation, and to compromise, compound and settle claims of the corporation on such terms and conditions as the liquidator deems best.” Gendusa, 635 So.2d at 1163; La. R.S. 12:145. However, because KLL, Inc. was voluntarily dissolved by affidavit under La. R.S. 12:142.1, it does not have a right of action against G.E.C., Inc. on the promissory note.
Accordingly, for the reasons stated above, we affirm the judgment of the trial court sustaining G.E.C., Inc.’s exception of no right of action and dismissing Krebs, Lasallé, Lemieux Consultants, Inc.’s claims against G.E.C., Inc.
. AFFIRMED

. The present law, La. R.S. 12:1-1405 provides:
A. A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including any of the following:
(1) Collecting its assets.

. At the time KLL, Inc. wás dissolved by affidavit, La. R.S.. 12:142.1 provided: .
A. In addition to .all other methods of dissolution, if the corporation is not doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares- have been issued, attesting to. such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.

. Moreover, La. R.S. 12:1-1701 provides "This Chapter applies to all domestic corporations in existence on its effective date that were incorporated under the laws of this state for a purpose or purposes for which a corporation might be formed under this Chapter.” (Emphasis added.) KLL, Inc. dissolved in 2012; therefore, it was not in existence on the effective date of January 1, 2015.