WICKER, J.
bln this appeal, appellant, Krebs, La-salle, Lemieux Consultants, Inc. (“KLLC”), through its designated representatives, seeks review of a district court order denying its petition for reinstatement of corporate status. In the interim between the district court’s denial of the instant petition for reinstatement and our consideration of this appeal, we have determined that the law at the time of dissolution governs a request for corporate reinstatement. In light of this intervening statement of the law, we vacate the district court’s order and remand this matter to the district court to give KLLC a reasonable opportunity to seek an evidentiary hearing on the question of whether appellant has a lawful and valid purpose for seeking reinstatement.
FACTUAL AND PROCEDURAL BACKGROUND
On May 12, 2016, Krebs, Lasalle, Lem-ieux Consultants, Inc., through its designated representatives, Shelby P. Lasalle, Stephen W. Phillippi, and Ronald J. Danos, filed a petition to reinstate the corporation in the Twenty-Fourth Judicial District Court. According to this petition, KLLC was incorporated in Jefferson Parish on or about December 4, 1992. Pursuant to La. R.S. 12:142.1, KLLC was dissolved by affidavit on or about December 26,2012.
Between the time KLLC was dissolved in December 2012 and the time its designated representatives sought to reinstate the corporation in May 2016, the Louisiana Legislature repealed former La. R.S. 12:142.1 and replaced this statute with La. R.S. 12:1-1444 which, among other things, limits reinstatement to situations in which the terminated corporation requests reinstatement “no later than three years after the effective date of its articles or certificate of termination.” With over three years having passed since the date of dissolution, KLLC asserted in its petition for reinstatement that the district court should apply La. R.S.12:142.1, the law in effect at the time of dissolution. Thereafter, on June 13, |22016, the district court issued an order denying KLLC’s petition, with a citation to the current law, La. R.S. 12:1— 1444. The order also contains a notation indicating that, prior to signing the order, the district court sought to obtain a supplemental filing from the petitioners. After roughly three weeks, petitioner had not *941 filed the requested supplement, and the district court denied the petition.[1]
The appellant timely devolutively appeals the district court’s June 13, 2016 order.
DISCUSSION
In its sole assignment of error, KLLC argues the district court erred in denying its petition for reinstatement of corporate status because the district court should have applied former La. R.S. 12:142.1, the law in effect at the time of KLLC’s dissolution by affidavit.
The facts of this matter are not in dispute. This issue is purely one of legal interpretation. Therefore, we review the matter de novo, without deference to the legal conclusions of the court below. In re Reinstatement of S & D Roofing, LLC, 16-85 (La.App. 5 Cir. 9/22/16), 202 So.3d 177, 179; Turner v. Willis Knighton Med. Ctr., 12-0703 (La. 12/4/12), 108 So.3d 60, 62.
At the time the district court considered KLLC’s petition for reinstatement, this area of the law was in a state of significant flux. Between June 13, 2016, when the district court signed the order under review in this matter, and August 19, 2016, when petitioner filed its motion to appeal this order, this Court decided another matter involving KLLC. See Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc., 16-024 (La.App. 5 Cir. 7/27/16), 197 So.3d 829, 832 (“Krebs F). In Krebs I, the Court determined that former La. R.S. 12:142.1—not newly enacted La. R.S. 12:1-1405, which sets out the effects of dissolution—applied to the corporation because KLLC was dissolved prior to the enactment of R.S. 12:1-1405. Applying Isformer R.S. 12:142.1, the Court held that KLLC did not have a right of action against an obligor on a promissory note because R.S. 12:142.1 provides for the survival of claims against the corporation dissolved by affidavit but does not provide for the survival of the corporation’s own claims. Recognizing that the district court did not have the benefit of Krebs I when it issued its order denying KLLC’s petition for reinstatement, we find that Krebs I instructs our decision in this matter. Having previously determined in Krebs I that the newly enacted provisions of the Business Corporation Act do not apply when determining the effects of KLLC’s pre-enactment dissolution, we find that these newly enacted provisions also do not apply to limit KLLC’s capacity to seek reinstatement, which is governed by La. R.S. 12:142.1, the law in effect at the time the corporation was dissolved by affidavit. Therefore, we find that KLLC has a right to pursue reinstatement. In this regard, KLLC has the burden of producing sufficient evidence that there is a valid and lawful purpose for reinstating KLLC.
An analysis of the former and the current statutes support this conclusion. At the time of KLLC’s dissolution, La. R.S. 12:142.1 provided:
A. In addition to all other methods of dissolution, if the corporation is not doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in propor *942 tion to their ownership in the shares of the corporation.
B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.
The Legislature repealed this statute, effective January 1, 2015. See Acts 2014, No. 328, §§ 5, 7. In its place, the Legislature enacted La. R.S. 12:1-1444, which provides, in pertinent part:
LA terminated corporation may be reinstated if the corporation satisfies both of the following conditions:
(1) Was not dissolved by a judgment of dissolution.
(2) Requests reinstatement in accordance with this Section no later than three years after the effective date of its articles or certificate of termination.
La. Civ. Code art. 6 provides:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
See also La. R.S. 1:2 (“No Section of the Revised Statutes is retroactive unless it is expressly so stated.”); Manuel v. Louisiana Sheriff’s Risk Management Fund, 95-0406 (La. 11/27/95), 664 So.2d 81, 85-86. If the Legislature expresses an intent regarding retrospective or prospective application, then the inquiry is at an end. Sawicki v. K/S Stavanger Prince, 01-0528 (La. 12/7/01), 802 So.2d 598, 603. If the Legislature does not, we must determine whether the enactment is substantive, on the one hand, or procedural or interpretative on the other. Id.
When the Legislature repealed La. R.S. 12:142.1, it passed several transitional statutes, including La. R.S. 12:1-1701 and La. R.S. 12:1-1703. La. R.S. 12:1-1701 provides that the newly enacted Business Corporations Act, including La. R.S. 12:1— 1444, “applies to all domestic corporations in existence on its effective date that were incorporated under the laws of this state for a purpose or purposes for which a corporation might be formed under this Chapter.” The new law became effective on January 1, 2015, about three years after KLLC’s shareholders voluntarily dissolved the corporation by affidavit. See Acts 2014, No. 328, § 7. Because KLLC was not in existence at the time of the new law’s effective date, we find that, pursuant to La. R.S. 12:1-1701, the Legislature did not intend for La. R.S. 12:1-1444 to apply to it. Moreover, under La. R.S, 12:1-1703(A)(1) and (2),
LExcept as provided in Subsection B of this Section, the repeal of a statute by this Chapter does not affect any of the following:
(1) The operation of the statute or any action taken under it, before its repeal.
(2) Any ratification, right, remedy, privilege, obligation, or liability acquired, accrued, or incurred under the statute, before its repeal.
This statute also manifests the Legislature’s intention not to apply the reinstatement limitations of La. R.S. 12:1-1444 to corporations dissolved under prior law. Newly enacted La. R.S. 12:1-1444 expressly limits reinstatement to terminated corporations who request reinstatement “no later than three years after the effective date of its articles or certificate of termination.” Former La. R.S. 12:142.1, however, placed no such limit on a corporation’s capacity to seek reinstatement. The operation of former La. R.S. 12:142.1 involved the option to seek reinstatement at any time. Therefore, pursuant to La. R.S. 12:1-1703(A)(1), the repeal of La. R.S. 12:142.1 does not affect the operation of the statute *943 in favor of permitting KLLC to seek reinstatement. Further, because the privilege of requesting reinstatement at any time accrued to KLLC prior to the repeal of La. R.S. 12:142.1, the repeal of this law did not affect KLLC’s capacity to seek reinstatement to the extent permitted by La. R.S. 12:142.1, the law under which it was dissolved. La. R.S. 12:1-1703(A)(2). We find that these transitional statutes clearly express the Legislature’s intention to apply La. R.S. 12:1-1444 prospectively to corporations dissolved under the current law. Therefore, because KLLC was not dissolved under this newly enacted statute, we find that the Legislature did not intend for La. R.S. 12:1-1444 to apply to it.
Further, even if the Legislature had not expressed its intention in this manner, the new time limitation on a corporation’s capacity to petition for reinstatement constitutes a substantive enactment which changed the fundamental rights of a corporation seeking dissolution and reinstatement. Thus, even absent | flthe Legislature’s expressed intention, the reinstatement provisions of La. R.S. 12:1-1444 only apply prospectively to corporations dissolved under the new law. La. Civ. Code art. 6; R.S. 1:2. Accordingly, we find that La. R.S. 12:1-1444 and its bar on seeking reinstatement three years after dissolution does not apply to KLLC.
On remand, KLLC should be given a reasonable opportunity to seek an eviden-tiary hearing to produce evidence from which the district court may determine whether or not KLLC has a valid and lawful purpose for reinstatement. See In re Reinstatement of Southern Labor Servs., L.L.C., 13-775 (La.App. 5 Cir. 5/14/14), 142 So.3d 60, 63-64 (finding, under the L.L.C. reinstatement statute which is nearly identical to former La. R.S. 12:142.1, that the court must conduct an evidentiary hearing before reinstating corporate status). Placing particular emphasis on what shareholders knew prior to dissolution and for what purpose dissolution and reinstatement are being pursued, Louisiana courts’ decisions involving corporate reinstatement demonstrate that this inquiry is a fact-intensive one, with the result often determined by the unique circumstances of each case. In re Reinstatement of S & D Roofing, LLC, 16-85, p.11 (La. App. 5 Cir. 9/22/16), 202 So.3d 177. Apparent throughout the varying facts and circumstances of this state’s corporate reinstatement jurisprudence is the principle that reinstatement, retroactive or not, cannot operate to shield shareholders from personal liability. Id.; Butcher v. Keith Hebert Carpentry/Vinyl Siding, Inc., 06-672 (La. App. 3 Cir. 12/20/06), 945 So.2d 914, 917-18 (“[T]he Louisiana Business Corporation Law (LBCL) does not absolve a shareholder or incorporator, who has voluntarily dissolved a corporation by affidavit, of the personal liability for subsequent debts arising out of those claims brought against the entity, or which could have been brought against it, prior to its dissolution.”). Although La. R.S. 12:142.1 is silent concerning what kind of evidence is sufficient for a court to order reinstatement of 17corporate status, Louisiana courts have held that the desire to maintain a pending lawsuit is a valid and lawful purpose for reinstatement. See In re Reinstatement of Venture Assocs., 04-439 (La. App. 1 Cir. 2/11/05), 906 So.2d 498, 500-02.
Therefore, we vacate the district court’s order denying KLLC’s petition for reinstatement and remand the case to the district court to give KLLC a reasonable opportunity to seek an evidentiary hearing for purposes consistent with this opinion.
VACATED AND REMANDED.

. On June 13, 2016, when the district court issued its order, the retroactivity of La. R.S. 12:1-1444 had not been addressed by this Court or any other Louisiana appellate court.