GRAVOIS, J.
Appellant, Krebs, Lasalle, Lemieux Consultants, Inc. ("KLL"), appeals the trial court's May 22, 2018 judgment which granted defendant G.E.C., Inc.'s ("GEC") exception of no right of action and dismissed with prejudice KLL's suit against GEC for enforcement of a promissory note. The dispute between these parties, going back to 2013, includes four separate district court cases, three of which have been consolidated, as well as two previous appeals to this Court. Previously, in Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc. , 16-24 (La. App. 5 Cir. 7/27/16), 197 So.3d 829, 833 (" Krebs I "), this Court found that as a corporation which had been dissolved by affidavit pursuant to La. R.S. 12:142.1 of the old Business Corporation Law,[1] KLL had thereby *330 lost the right to enforce its inchoate claims upon dissolution, and therefore no longer had the right to sue GEC for enforcement of a promissory note allegedly defaulted on by GEC in 2013.
At issue in this appeal is whether KLL's reinstatement to active corporate status in 2016 has given KLL back its right of action against GEC for enforcement of the promissory note. In this third suit by KLL against GEC on the promissory note, the trial court ruled against KLL, finding that the law in effect at the time of both KLL's dissolution in 2012 and the alleged default on the note in 2013, the old Business Corporation Law, governed, rather than the Business Corporation Act which became effective on January 1, 2015. KLL appeals, arguing that under the new law, its reinstatement to active status should be retroactive to the date of dissolution, rendering the dissolution as if it never had occurred. Alternatively, KLL argues that jurisprudence interpreting the prior law, upon which this Court previously relied, is wrong and should be repudiated. Finally, KLL argues that even under the prior law, its reinstatement should be retroactive to its dissolution and therefore it has a right of action against GEC.
For the following reasons, we find that the applicable law to this dispute over the 2013 alleged default of the promissory note is the old Business Corporation Law. Under that law, because KLL dissolved by affidavit rather than by employing a liquidator, KLL failed to preserve its inchoate claims, one of which was the right to sue GEC for default on the promissory note, as previously determined by this Court in Krebs I . Further, KLL's reinstatement is prospective only and does not serve to revive its extinguished right of action against GEC. Accordingly, the judgment of the trial court granting GEC's exception of no right of action and dismissing KLL's suit against GEC with prejudice is affirmed.
FACTS AND CHRONOLOGICAL PROCEDURAL HISTORY
In the 2016 appeal before this Court, Krebs I , we summarized certain facts and procedural history as follows:
On February 21, 2011, KLL, Inc. entered into an Asset Purchase Agreement ("the Agreement"), wherein G.E.C., Inc. bought, accepted, or acquired [a] certain portion of KLL, Inc.'s trade, business, operations, assets, good will and liabilities. On February 28, 2011, in connection with the Agreement, G.E.C., Inc. executed a promissory note in favor of KLL, Inc. On December 26, 2012, KLL, Inc.'s shareholders voluntarily dissolved KLL, Inc. by affidavit pursuant to La. R.S. 12:142.1.
On November 8, 2013, the former shareholders of KLL, Inc. filed a petition to enforce the promissory note, under Shelby P. LaSalle, William B. Haensel, Jr., Stephen W. Phillippi, and Ronald J. Danos v. G.E.C., Inc. , Division "D," case number 732-755, contending that G.E.C., Inc. failed to pay the monthly installment on the promissory note for June 2013, and it remained in default thereafter by failing to pay the successive monthly installments and other amounts due on the promissory note. The shareholders asserted that as the former shareholders of KLL, Inc., they were entitled to enforce the promissory note because they were the holders in due course. G.E.C., Inc. filed an answer and reconventional demand denying the *331 allegations in plaintiffs' petition and contending that KLL, Inc. violated and/or breached the Agreement. G.E.C., Inc. brought the reconventional demand against the former shareholders individually as required by law, since KLL, Inc. was voluntarily dissolved in 2012. G.E.C., Inc. also filed an exception of no right of action and no cause of action requesting the dismissal of the former shareholders' individual claims.
On April 15, 2015, the trial court sustained G.E.C., Inc.'s exception of no right of action finding that the former shareholders individually did not have a right of action, but allowed the former shareholders fifteen days to file an amended petition to name KLL, Inc. as party plaintiff. The judgment further held that if an amended petition was not filed within fifteen days, the petition would be dismissed with prejudice.
On April 29, 2015, instead of filing an amended petition, KLL, Inc., through its former shareholders, filed a new petition to enforce the promissory note, under Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc. , Division "P," case number 749-232. In this petition, KLL, Inc. asserted the same claims as previously asserted in the prior lawsuit, i.e. , that G.E.C., Inc. was in default on the promissory note. In response to this petition, G.E.C., Inc. filed exceptions of res judicata, lack of procedural capacity, no right of action, and no cause of action. On July 13, 2015, the trial court dismissed the claims filed by the former shareholders individually against G.E.C., Inc. On August 7, 2015, the parties consented to a transfer and consolidation of the two cases. On August 26, 2015, the trial court overruled G.E.C., Inc.'s exceptions of res judicata and no cause of action, held that the exception of lack of procedural capacity was moot, sustained the exception of no right of action and dismissed KLL, Inc.'s claims with prejudice....
Krebs I , 197 So.3d at 830-31.
KLL's shareholders appealed the dismissal of their suit against GEC to this Court. In Krebs I , appellants argued that La. R.S. 12:1-1405 of the recently enacted Business Corporation Act should apply to the dispute. Unlike specific statutory provisions that were in effect both at the time of KLL's dissolution by affidavit in 2012 under La. R.S. 12:142.1 and when it commenced suit against GEC in 2013, "new" La. R.S. 12:1-1405 purports to allow a corporation, though dissolved, to commence a proceeding in its corporate name to collect its assets, i.e. , sue on the promissory note. However, in Krebs I , this Court held that La. R.S. 12:1-1405 did not apply under the facts of this case. This Court determined that newly enacted La. R.S. 12:1-1405 was substantive in nature, because it changed the fundamental rights of the parties concerning dissolution of corporations, and therefore should be applied prospectively only. Krebs I , 197 So.3d at 832. Applying jurisprudence interpreting the statutory law regarding corporate dissolution in existence at the time of KLL's dissolution in 2012, this Court determined that because KLL dissolved by affidavit under La. R.S. 12:142.1, rather than by formally dissolving with a liquidator as per La. R.S. 12:142, KLL waived and failed to preserve its inchoate claims against GEC. Krebs I , 197 So.3d at 832-33. Thus, this Court affirmed the trial court's judgment granting GEC's exception of no right of action.
Meanwhile, on May 12, 2016, KLL through its designated representatives filed a suit, In Re Krebs, Lasalle, Lemieux Consultants, Inc. , case number 760-781 of the Twenty-fourth Judicial District Court, Parish of Jefferson, seeking reinstatement of its corporate status so that it could *332 "collect certain assets due and owing to it."[2] The trial court denied KLL's petition for reinstatement, citing La. R.S. 12:1-1444, "Reinstatement of terminated corporation."[3] KLL appealed to this Court. This Court, In Re Krebs, Lasalle, Lemieux Consultants, Inc. , 16-586 (La. App. 5 Cir. 3/15/2017), 215 So.3d 939 (" Krebs II "), vacated the ruling. Noting our decision in Krebs I , this Court held that the repealed Business Corporation Law, rather than La. R.S. 12:1-1444 (which is part of the newly enacted Business Corporation Act), governed KLL's request for corporate reinstatement. Krebs II , 215 So.3d at 941. This Court cited La. R.S. 12:1-1701 -1703, transition statutes found in the Business Corporation Act, holding that La. R.S. 12:1-1701 evidenced the Legislature's intent that the new law would apply only to corporations in existence on January 1, 2015. Krebs II , 215 So.3d at 942-43. As KLL was not in existence on that date, this Court determined that as per La. R.S. 12:1-1703, the reinstatement time limitations of La. R.S. 12:1-1444 did not apply to KLL, who had dissolved under the repealed La. R.S. 12:142.1 which contained no time limits in which to seek reinstatement. Id. This Court remanded for KLL to have a reasonable opportunity to seek an evidentiary hearing on the question of whether KLL had a lawful and valid purpose for seeking reinstatement. Krebs II , 215 So.3d at 943. On remand, the trial court granted KLL's petition for reinstatement on September 14, 2017, retroactive to May 12, 2016, the date KLL's petition for reinstatement was filed.
On February 5, 2018, reinstated KLL filed a third suit against GEC to enforce the promissory note, case number 780-420 of the Twenty-fourth Judicial District Court, Parish of Jefferson. On April 6, 2018, GEC filed exceptions of no right of action, no cause of action, and res judicata , which KLL opposed. On April 10, 2018, the 2018 suit was consolidated with the 2013 (732-755) and 2015 (749-232) suits. Following a hearing on May 22, 2018, the trial court granted GEC's exception of no right of action and dismissed KLL's suit with prejudice.[4] The trial court ruled that in accordance with this Court's previous two appellate opinions ( Krebs I and Krebs II ), the applicable law was the Business Corporation Law and not the Business Corporation Act, specifically La. R.S. 12:142.1, and that that statute, as interpreted by jurisprudence, did not provide for a corporation dissolved by affidavit to regain the right, upon reinstatement, to enforce claims that were inchoate at the time of the corporation's dissolution; in other words, KLL's reinstatement in 2016, under the provisions of the pre-2015 law, was not retroactive to the date of its dissolution and did not operate to revive KLL's right to enforce its inchoate claims against GEC, which right was lost when KLL dissolved by affidavit in 2012. KLL's timely appeal followed.
*333 On appeal, in its only assignment of error, KLL asserts that the trial court erred in its ruling that KLL has no right of action to enforce the note against GEC. In its assignment of error, KLL first argues that once its corporate status was reinstated, La. R.S. 12:1-1444(H) of the new Business Corporation Act should apply, rather than the prior law, to provide that its reinstatement is retroactive to the date of its dissolution, and thus it has the right to sue GEC to enforce the promissory note. KLL argues alternatively that in the event the prior law ( La. R.S. 12:142.1 ) does apply, the Fourth Circuit jurisprudence interpreting this statute is wrong and should be repudiated by this Court. Finally, KLL argues, also alternatively, that under the prior statutory scheme, specifically La. R.S. 12:163(E), the reinstatement of KLL's corporate articles is retroactive "as though the revocation never occurred," and thus KLL did not lose its right of action against GEC when it elected to dissolve by affidavit in 2012.
LAW AND ANALYSIS
The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that have a legal interest in the subject matter of the litigation. Krebs I , 197 So.3d at 831, citing Badeaux v. Southwest Computer Bureau, Inc. , 2005-0612 La. 3/17/06, 929 So.2d 1211, 1217, and La. C.C.P. art. 927. An exception of no right of action assumes the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. Krebs I , 197 So.3d at 831, citing Marks v. Third Dist. Volunteer Fire Dep't , 13-383 (La. App. 5 Cir. 12/30/13), 131 So.3d 1099, 1101. An appellate court reviews a trial court's ruling on an exception of no right of action de novo because the exception raises a question of law. Krebs I , 197 So.3d at 831, citing Badeaux , supra , and Marks , supra .
In support of its assignment of error that the trial court erred in ruling that KLL had no right of action to enforce the note against GEC, KLL first argues that under La. R.S. 12:1-1444(H) of the 2015 enactment of the Business Corporation Act, it has a right of action against GEC. That paragraph states:
When the secretary of state files a certificate or articles of reinstatement, the existence of the terminated corporation is reinstated retroactively, and the corporation continues to exist as if the termination had never occurred.
In Krebs II , we held that the trial court erred in basing its denial of KLL's request for reinstatement on La. R.S. 12:1-1444. Finding that that statute's enactment made substantive changes in the law, because it fundamentally changed parties' rights concerning the dissolution of a corporation, this Court held that La. R.S. 12:1-1444 applied prospectively only. Krebs II , 215 So.3d at 942-43. Thus, this Court held that KLL should seek reinstatement under the prior law, and that La. R.S. 12:1-1444(A)(2) did not apply to time-limit KLL's request for reinstatement. Id. Now, however, KLL argues that this same statute, whose application to KLL in Krebs II would have prevented KLL from being reinstated, should now apply to render its reinstatement, which was possible only under the prior law, retroactive to the date of its dissolution. In other words, KLL argues that La. R.S. 12:1-1444 renders its reinstatement retroactive as if its dissolution had never occurred, yet La. R.S. 12:1-1444 would have prevented KLL's reinstatement request as untimely, had this Court found it applicable in Krebs II . We find no logic or merit to this argument.
KLL argues that because its corporate status has been reinstated, it is once again *334 a validly existing corporation with all of the rights and privileges of a corporation in good standing under Louisiana law, and that its rights should be determined by reference to current law. KLL argues that in finding that the new law does not apply to the promissory note dispute (the salient facts of which occurred in 2012 and 2013), now that KLL has been reinstated, the trial court has made a "bizarre" interpretation of La. R.S. 12:1-1444 that the new Business Corporation Act can never apply to corporations that dissolved prior to January 1, 2015 but that got reinstated thereafter, but such corporations must forever be governed in all respects by the prior statutory scheme. KLL argues that since the Business Corporation Act applies to all active corporations (those that existed on January 1, 2015 and those formed thereafter), regardless of whether they were formed before or after the new Act's effective date, it follows "inexorably" that the new Act applies to KLL, and that new La. R.S. 12:1-1444(H) applies to KLL to render its dissolution as if it never happened. Thus, KLL claims, its reinstatement has restored its right of action against GEC for its alleged 2013 default on the promissory note.
Upon review, we find that neither the trial court nor this Court in Krebs I or Krebs II made a "bizarre" interpretation of La R.S. 12:1-1444 that the new Business Corporation Act can never apply to corporations that dissolved prior to January 1, 2015 but were reinstated thereafter. Both this Court and the trial court were called upon to determine only whether the new law applied to determine the consequences the acts of the parties (the dissolution in 2012 and the alleged default in 2013) that occurred well before the new law went into effect. This Court affirmatively found that the new law applied prospectively only. It appears clear, however, that the new law would apply to any new business KLL might undertake subsequent to its 2016 effective reinstatement; new business, however, not being a new suit to collect on the GEC promissory note allegedly defaulted on in 2013. The new Business Corporation Act would also apply to guide KLL should KLL choose to end its corporate existence while the new law is effective.[5] KLL offers no convincing legal argument as to why a prospective law such as La. R.S. 12:1-1444, enacted in 2015, should apply now to determine the consequences of acts KLL took well prior to the law's enactment (its choice to dissolve by affidavit in 2012), merely because KLL's corporate existence has now been reinstated, which reinstatement could have only occurred under provisions of the repealed statutory scheme.
KLL also argues that the "rationale" this Court used in Krebs I and Krebs II is no longer applicable. KLL argues that this Court's rationale in Krebs I , in finding that the prior law applied, was that because KLL dissolved in 2012 under the prior law, the prior law should determine its rights as a dissolved entity. However, that was only half of this Court's "rationale." The other half was recognition of the Legislature's clear intent that the newly enacted Business Corporation Act was to apply prospectively only because the statutory enactments were substantive in nature.
In any event, even by its own terms, were it not already clear that the statute applies prospectively only, La. R.S. 12:1-1444 does not apply to the instant action. In brief, KLL quotes only the last paragraph of La. R.S. 12:1-1444, paragraph H, *335 but fails to quote the entire statute. Paragraph E(2)[6] of the statute requires that a corporation requesting reinstatement show that its reinstatement was approved in accordance with either of the following, La. R.S. 12:1-1444(B) or La. R.S. 12:1-1444(C).[7] KLL cannot fulfill this requirement, as it was reinstated under repealed statute La. R.S. 12:142.1(B).
Accordingly, we find that these arguments by KLL are without merit.
KLL also argues, in the alternative, that jurisprudence relied upon by this Court in Krebs I and Krebs II was wrongly decided. That jurisprudence is: Gendusa v. City of New Orleans , 93-1527 (La. App. 4 Cir. 2/25/94), 635 So.2d 1158 ; Robertson v. Weinmann , 00-799, 00-800 (La. App. 4 Cir. 2/21/01), 782 So.2d 38 ; and Leader Buick, GMC Trucks, Inc. v. Weinmann , 02-2006 (La. App. 4 Cir. 2/19/03), 841 So.2d 34 ; which this Court discussed thoroughly in Krebs I . Gendusa held that under the plain wording of the statute, La. R.S. 12:142.1 did not allow the survival of a corporation's inchoate claims, which corporation elected to dissolve by affidavit under the provisions of that statute, rather than using a liquidator as provided by La. R.S. 12:142. Gendusa , 635 So.2d at 1162-63. Robertson held that corporations which dissolve by affidavit under La. R.S. 12:142.1 may be reinstated pursuant thereto, but such reinstatement is prospective only, as distinguished from reinstatement pursuant to La. R.S. 12:163(E)(2), which is retroactive to the date of revocation (not dissolution) of a corporation's articles. Robertson , 782 So.2d at 41-42. Leader Buick , which was the third lawsuit between the same parties as in Robertson , affirmed the grant of the defendants' exception no right of action against Leader Buick, holding that Leader Buick's claims against the defendants for the breach of the purchase agreement were extinguished when the corporation dissolved by affidavit, and the subsequent reinstatement of the corporation did not revive its claims against defendant, specifically finding:
*336 As stated by this Court in Gendusa and Robertson , there is no public policy and no statutory provision to protect a shareholder, in possession of all relevant information concerning his corporation's inchoate claim, from the loss of that right through his own voluntary dissolution of the corporation by affidavit. Likewise, while La. R.S. 12:142.1(B) allows for reinstatement of the corporation after dissolution by affidavit, there is no public policy or statutory provision which permits the reinstatement to be retroactive and grants the revival of the corporation's inchoate claims.
Leader Buick , 841 So.2d at 38. Upon review, we find nothing in KLL's present arguments that convinces us that this Court's prior reliance on the above jurisprudence was incorrect, or that the jurisprudence itself should be repudiated.
Other jurisprudence interpreting La. R.S. 12:142.1 distinguishes between inchoate claims, such as those found in the instant case and the Fourth Circuit jurisprudence, and claims actually instituted by the corporation prior to its dissolution. In In Re Reinstatement of Venture Associates, Inc. of Louisiana , 04-0439 (La. App. 1 Cir. 2/11/05), 906 So.2d 498, Venture Associates dissolved by affidavit under La. R.S. 12:142.1 during the pendency of litigation it had instituted prior to its dissolution. The First Circuit affirmed a judgment granting Venture Associates' reinstatement retroactive to the date of its dissolution, but distinguished those facts from the Fourth Circuit jurisprudence, noting that Venture Associates' retroactive reinstatement was for the purpose of maintaining a lawsuit it had filed prior to its dissolution; i.e. , Venture Associates' claims at the time of its dissolution were not "inchoate."[8] Venture Associates , 906 So.2d at 502.
The Ventures Associates court also discussed this Court's decision in In re Islander Shipholding, Inc. , 97-978 (La. App. 5 Cir. 4/15/98), 715 So.2d 7, wherein this Court affirmed a corporate reinstatement retroactive to the date of dissolution by affidavit pursuant to La. R.S. 12:142.1, allowing Islander Shipholding to pursue an arbitration claim that it had filed prior to its dissolution. Islander Shipholding , 715 So.2d at 12. In the instant case, on the date that KLL dissolved by affidavit in 2012, KLL had no pending claims or proceedings against GEC, as GEC's alleged default on the promissory note did not occur until June of 2013.
KLL also argues in brief that the Fourth Circuit, in both Robertson and Leader Buick , mistakenly failed to read La. R.S. 12:142.1 and La. R.S. 12:163 together, instead reading them alternatively. We disagree. In our opinion, the Fourth Circuit did not err in its analysis. Our brethren noted that the Legislature could have included in La. R.S. 12:142.1 the same language concerning retroactivity present in La. R.S. 12:163, but it did not. Further, these two statutes are found in separate sections of the old Business Corporation Law: the former statute is found in Part XIV, entitled "Dissolution," whereas the latter statute is found in Part XVI, entitled "Other Proceedings." The Legislature's placement of these two statutes in different sections of the law indicates that the statutes are intended to treat two legally distinguishable factual scenarios differently. Thus, we agree with the Fourth Circuit, finding no indication that the Legislature intended these two statutes to be read together to produce the result desired *337 by KLL. This argument by KLL is likewise without merit.
Finally, KLL argues, also alternatively, that it has a right of action against GEC under prior law La. R.S. 12:163(E), because that statute states, in Section (E)(2), that "... the certificate of reinstatement of such charter and articles of incorporation shall be retroactive and the charter and articles of incorporation shall continue in existence as though the revocation had never occurred." KLL's argument in this regard, however, is unavailing. By its own terms, La. R.S. 12:163 does not apply to a corporation that voluntarily dissolved by affidavit under La. R.S. 12:142.1, contrary to KLL's assertion in brief. La. R.S. 12:163, entitled "Failure to file annual reports; revocation and reinstatement of articles and limitations on authority to do business with the state," is found in Part XVI, entitled "Other Proceedings" of the Business Corporation Law, which, as noted above, is a different subsection from the statutes pertaining to dissolution, found in Part XIV.
Though dissolution and revocation are both mechanisms that end or suspend the corporate existence, each has different conditions precedent and consequences. Voluntary dissolution by affidavit was a non-punitive procedure whereby the corporation itself , through actions taken by its shareholders if certain conditions were met, ended its corporate existence in a simplified procedure.[9] See (repealed) La. R.S. 12:142 and 12:142.1.[10] Revocation of articles of incorporation under La. R.S. 12:163, however, was a punitive action undertaken by the Secretary of State for the corporation's failure to perform certain statutory duties. La. R.S. 12:163(E) provided procedures whereby a corporation whose articles had been revoked by the Secretary of State could seek reinstatement of its articles, with the successful result being retroactive reinstatement. It is upon this section that KLL relies to now argue that reinstatement of its corporate articles should have the effect as if the dissolution had never taken place. Because KLL's articles of incorporation were not revoked by the Secretary of State, this statute does not apply to provide KLL's requested relief. This argument by KLL is likewise without merit.
CONCLUSION
For the foregoing reasons, upon de novo review, we find that the trial court's judgment granting GEC's exception of no right of action comports with applicable law. Though as pointed out by the trial court at the hearing on the exceptions that the result is harsh, we find that KLL's reinstatement under the prior law cannot be retroactive to the date of its dissolution in 2012, and thus does not serve to revive its right of action against GEC, which was extinguished by KLL's choice to dissolve by affidavit in 2012. We accordingly affirm the trial court's judgment which granted GEC's exception of no right of action and dismissed KLL's suit against GEC with prejudice.
AFFIRMED

By Acts 2014, No. 328, § 1, the Louisiana Legislature enacted La. R.S. 12:1-101 to 12:1-1704 to comprise Chapter 1 of the Business Corporation Act of Title 12 of the Louisiana Revised Statutes, effective on January 1, 2015, and at the same time, by Acts 2014, No. 328 § 5, the Louisiana Legislature repealed former Chapter 1 of the Business Corporation Law, consisting of La. R.S. 12:1 to 12:178 and La. R.S. 12:1605 to 12:1607.

See Petition for Reinstatement filed in In Re Krebs, Lasalle, Lemieux Consultants, Inc. , case number 760-781.

Though the trial court did not offer any reasons for its denial of reinstatement beyond a reference to La. R.S. 12:1-1444 at the time of the trial court's ruling, it appears that the trial court found the request for reinstatement under La. R.S. 12:1-1444 untimely. At the time KLL's representatives filed the reinstatement suit, La. R.S. 12:1-1444 provided a time limitation of three years from the date of dissolution in which a dissolved corporation could seek reinstatement. At the time KLL filed its petition for reinstatement in 2016, it had been more than three years since the date of its dissolution. Of note, in 2017, the Legislature amended the statute and expanded the time limitation to five years after dissolution.

The trial court also denied the other exceptions filed by GEC as moot.

These statements are offered as dicta , however, because those specific questions are not before this Court in this appeal.

La. R.S. 12:1-1444(E) provides:
E. The articles of reinstatement shall state all of the following:
(1) The name of the corporation.
(2) That the reinstatement was approved in accordance with either of the following:
(a) R.S. 12:1-1444(B).
(b) R.S. 12:1-1444(C), and that the directors and officers listed in the annual report accompanying the articles of reinstatement were elected in accordance with that Subsection. If the annual report is not yet due, the report to be made in compliance with this Subsection shall be provided in a separate written statement.
(3) That the corporation is reinstated, effective retroactively as if the corporation had never been terminated.

La. R.S. 12:1-1444(B) and (C) provide:
B. If the corporation was terminated administratively under R.S. 12:1-1442, the articles of reinstatement shall be approved by either of the following:
(1) A director or officer listed in the corporation's last annual report before its termination.
(2) A director of the corporation elected by the shareholders of the corporation after the last annual report, regardless of whether the director was elected before or after the administrative termination.
C. If the corporation was terminated after its dissolution or termination was authorized by a vote of shareholders, then all of the following actions are required:
(1) The reinstatement of the corporation shall be approved by the same vote that was required to approve the dissolution or termination, by the persons who were shareholders at the time that the dissolution or termination was approved by the shareholders.
(2) The persons entitled to vote on the reinstatement shall elect a board of directors for the reinstated corporation.
(3) The board of directors elected in accordance with Paragraph (C)(2) of this Section shall elect officers for the reinstated corporation.

"Inchoate" is defined by Black's Law Dictionary, Fifth Edition, as "imperfect; partial; unfinished."

And which, as noted by Judge Klees who concurred in Gendusa , avoids the complications and costs associated with formal liquidation, but also forfeits some benefits of the same.

La. R.S. 12:143, which describes the procedures for involuntary dissolution and which refers to provisions in R.S. 12:163(B), is not pertinent to the facts of this case.