| | |
|---|---|
| GERARD J. BOURGEOIS, DEBORAH BOURGEOIS AND THE MAGNER TRUST | NO. 24-C-374 |
| | FIFTH CIRCUIT |
| VERSUS | COURT OF APPEAL |
| CHRISTOPHER W. LOPEZ AND NORTHPOINTE BUSINESS PARK, LLC | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

October 01, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CHRISTOPHER W. LOPEZ AND NORTHPOINTE BUSINESS PARK, LLC

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 851-392

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT GRANTED**

Relators/defendants, Christopher W. Lopez and Northpointe Business Park, LLC ("Northpointe"), seek review of the 24th Judicial District Court's judgment denying its exception of no right of action, and granting respondents/plaintiffs' motion for a court order directing the production and inspection of financial records. For the following reasons, we grant the writ application.

*Background*

Northpointe was formed as a limited liability company under Louisiana law in 2005 by Mr. Lopez and plaintiff, Gerard Bourgeois ("Mr. Bourgeois"). At the time of formation of Northpointe, each had a 50% ownership interest in the company.

Plaintiffs, Mr. Bourgeois, the Magner Trust, and Deborah Bourgeois (Mr. Bourgeois's wife), filed a petition on February 14, 2024. The petition alleges that

on August 29, 2008, Mr. Bourgeois formed the Magner Trust and then transferred his 50% interest in Northpointe to the Magner Trust. The petition further alleges that the Magner Trust currently owns a 50% equity interest in Northpointe. At various times since then, Mr. Bourgeois and Mrs. Bourgeois have served as trustee of the Magner Trust. According to the petition, Mr. Bourgeois currently serves as the trustee. The petition seeks an accounting of all of Northpointe's transactions, the production and inspection of about 20 years of the company's financial and business records, and access to the company's bank accounts, accounting software and payroll information and documentation.

On April 1, 2024, defendants filed an exception of no right of action.[1] On April 3, 2024, plaintiffs filed a "motion for a court order directing the production and inspection of financial records" seeking records from Northpointe.

On May 14, 2024, the trial court held a hearing on defendants' exception of no right of action and plaintiffs' motion directing the production and inspection of financial records. The following evidence was admitted at the hearing on the exception:

- Ex. P-A – The Magner Trust

- Ex. P-B – K-1's for Northpointe for 2008-2022

- Ex. P-C – La. Business filing [2]

- Ex. P-D – La. Business filing

- Ex. D-1 – Operating Agreement for Northpointe

There were no witnesses. Following oral argument after the parties submitted for a decision, the trial court denied the exception of no right of action and granted the

---

[1] The exception was entitled "Exception of No Cause of Action", but the memorandum in support indicated it was an exception of no right of action. During oral argument, defendants asserted that they intended to assert an exception of no right of action. The parties stipulated to proceed with an exception of no right of action.

[2] Defendants did not attach to their writ application plaintiffs' opposition to the exception or any exhibits thereto. Plaintiffs' writ opposition did attach some exhibits. However, the exhibit numbers and descriptions in plaintiffs' writ opposition are different than the exhibit numbers and descriptions admitted at the hearing before the trial court, particularly as to Ex. P-C and Ex. P-D. Therefore, it is not clear to this Court what Ex. P-C and Ex. P-D, which were admitted at the hearing before the trial court, consist of and whether these exhibits are part of the record before this Court.

motion directing the production and inspection of financial records. The written judgment was signed on May 28, 2024.

Defendants filed a motion for new trial/reconsideration on June 6, 2024. This motion was denied by the trial court at a hearing on July 16, 2024. Thereafter, defendants timely filed the pending application for supervisory writs.

*Analysis*

Defendants argue that the trial court erroneously denied the exception of no right of action because plaintiffs are not members of Northpointe, and as such, are not entitled to access company documents. In addition, they assert that Mrs. Bourgeois is no longer a trustee of the Magner Trust, and is thus not allowed to maintain an action on behalf of the trust.

Generally, a legal action can only be brought by a person with a real and actual interest which he or she can assert. La. C.C.P. art. 681; *State ex rel. Caldwell v. Molina Healthcare, Inc.*, 18-1768 (La. 5/8/19), 283 So.3d 472, 477. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews *de novo*. *Davisson v. Bd. of Examiners for New Orleans*, 22-519 (La. App. 5 Cir. 5/24/23), 366 So.3d 784, 789. Evidence is admissible in support of, or against, the exception of no right of action. *Id.* The defendant raising the exception has the burden of proving the exception. *Id.* The exception of no right of action is a peremptory exception, the function of which is to have an action declared legally nonexistent or barred by law and tends to dismiss or defeat the action. La. C.C.P. arts. 923 and 927. An exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. *Id.; Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*, 16-24 (La. App. 5 Cir. 7/27/16), 197 So.3d 829, 831.

The exception of no right of action tests whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. *Davisson*, 366 So.3d at 789. A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. *Id.* In instances when evidence has been introduced at the hearing on a peremptory exception, the trial court's findings of fact are subject to the manifest error-clearly wrong standard of review. *Caldwell*, 283 So.3d at 477.

The pending petition asserts that the provisions of La. R.S. 12:1319 and the operating agreement entitle plaintiffs to the relief sought in the petition.

Thus, we must consider the provisions of La. R.S. 12:1319, which provide in pertinent part: "B. Unless otherwise provided in the articles of organization or an operating agreement, a member may do any of the following: *** (3) Demand a formal accounting of the limited liability company's affairs whenever circumstances render it just and reasonable."

According to the plain language of La. R.S. 12:1319, the right to obtain and inspect the records of a limited liability company is reserved to members of the LLC, "unless otherwise provided in the articles of organization or an operating agreement." There is nothing in La. R.S. 12:1319 to suggest that the right to an accounting from the limited liability company is extended to nonmembers. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 296, *writ denied,* 17-893 (La. 9/29/17), 227 So.3d 288.

In the pending case, an operating agreement was introduced into evidence, which contains a number of provisions related to who has the right to obtain and inspect records of Northpointe. And "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. *See also* La. R.S. 1:4 ("When the wording of a

Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.")  Thus, according to a plain reading of La. R.S. 12:1319, this Court must refer to the operating agreement to determine whether or not plaintiffs have a right of action.

Northpointe's operating agreement provides as follows in Articles 5.5 and 5.6:

> 5.5 **Substituted Member**.  No transferee of a Member's Interest shall have the right to become a substituted Member in place of its predecessor in interest unless and until (i) the written consent of a majority of the remaining Members to such substitution shall have been obtained, which consent the Members may, in their sole and absolute discretion, withhold; (ii) the instrument or evidence of transfer shall be in form and substance satisfactory to the remaining Members, (iii) the transferee shall have accepted, adopted, and approved in writing all the terms and provisions of the Agreement and agreed to discharge all obligations accruing with respect to its Interest; (iv) an amendment to this Agreement shall have been executed; and (v) the transferee shall have paid or made provision satisfactory to the Company for payment of all expenses and fees incurred in connection with its admission as a substituted Member.

> 5.6 **Rights of Non-Member Transferee**.  Unless admitted to the Company as a substituted Member, the permitted transferee of an Interest in the Company shall not be admitted as a Member and shall not be entitled to any of the rights, powers, or privileges of its predecessor in interest, other than the right to receive and be credited or debited with its proportionate share of profits, losses and any other items of income, profit, gain, loss and deduction (or items thereof) and distributions, and any other right specifically permitted to a transferee under the express terms of this Agreement.

Article 12.1 of the operating agreement also provides in part that "[a]dequate accounting records of all Company business shall be kept and these shall be open to inspection by any Members at all reasonable times," expressly limiting the right to inspect the company's financial and business records to the company's members.  Members are defined under Article 13.11 as "[a]ny person who has been admitted as a Member . . . or substituted Member pursuant to the terms of this Agreement."

The interpretation of a contract is the determination of the common intent of the parties. *Bonilla v. Verges Rome Architects*, 23-928 (La. 3/22/24), 382 So. 3d

62, 65. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. An operating agreement is contractual in nature; it binds the members of the LLC as written and is interpreted according to contract law. *Risk Mgmt. Servs., L.L.C. v. Moss*, 09-632 (La. App. 5 Cir. 4/13/10), 40 So.3d 176, 180, *writ denied,* 10-1103 (La. 9/3/10), 44 So.3d 683.

After reviewing the operating agreement, it is clear that non-member transferees are not entitled to the rights, powers, or privileges of its predecessor in interest. Only members have the right to demand the inspection and production of Northpointe records. The petition alleges that Mr. Bourgeois transferred his interest in Northpointe to the Magner Trust. Therefore, Mr. Bourgeois is no longer a member of Northpointe. Furthermore, the record contains no evidence that the Magner Trust, Mr. Bourgeois, or Mrs. Bourgeois complied with the requirements listed in Article 5.5 of the operating agreement in order for the Magner Trust to become a substituted member. Because the Magner Trust is a non-member transferee, it does not have the right to demand an accounting or demand the production and inspection of Northpointe's financial and business records. The fact that that the Magner Trust has been recognized as the transferee of Mr. Bourgeois's interest as shown by the K-1's that were admitted into evidence does not make the Magner Trust a member. It shows that Northpointe is abiding by Article 5.5 of the operating agreement.

Plaintiffs argue that recently filed documents with the Louisiana Secretary of State show that Mr. Bourgeois is a member of Northpointe. It is not clear from the record before us if the Secretary of State document(s) that plaintiffs are referring to were even admitted into evidence at the hearing of the exception before the trial court. But even if we were to consider any such documents, plaintiffs' argument is

still unpersuasive.  There is still no evidence that plaintiffs complied with the provisions of Article 5.5 of the operating agreement.

We further point out that according to plaintiffs' memorandum, Mrs. Bourgeois is no longer a trustee of the Magner Trust.  As such, she is not permitted to bring suit on behalf of the Magner Trust.  *See Nat'l Collegiate Student Loan Tr. 2006-1 v. Thomas*, 21-90 (La. App. 3 Cir. 6/2/21), 322 So.3d 374, 378 (La. C.C.P. art. 699 provides that the trustee is the proper plaintiff in any action to enforce a right of the trust estate.)

For these reasons, we find that the trial court erred in denying defendants' exception of no right of action.  As a result, the trial court also erred in directing defendants to produce records for inspection by plaintiffs.  We therefore grant this writ application, reverse the trial court's judgment signed on May 28, 2024, and remand for further proceedings.  The trial court may allow plaintiffs to file an amended petition in accordance with this writ disposition within 15 days of entry of this disposition.

Gretna, Louisiana, this 1st day of October, 2024.

**SUS**
**MEJ**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/01/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-374**

**CURTIS B. PURSELL**
CLERK OF COURT

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
Jean-Paul Layrisson (Relator)
Anne B. Hoskins (Relator)
John F. Young, Jr. (Respondent)

**MAILED**